HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON FARAZI,

                        Plaintiff,

        v.

HOME DEPOT U.S.A., INC. ("HOME
DEPOT") et al.,

                        Defendant.

Case No. 2:26-CV-00586-RAJ

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

NOTE ON MOTION CALENDAR:
    April 15, 2026

## I.  INTRODUCTION AND RELIEF REQUESTED

Defendant Home Depot U.S.A., Inc. ("Defendant") respectfully moves this Court to dismiss Plaintiff Shannon Farazi's ("Plaintiff") Complaint with prejudice because Plaintiff failed to state claims upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).[1]

Plaintiff's Complaint purports to assert a variety of federal and state claims arising from her employment with Defendant, spanning federal criminal statutes; international human rights doctrines; consumer protection laws; Washington's anti-SLAPP law, Washington's Silenced No More Act; sex discrimination and national origin discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"); retaliation under Title VII; and disability discrimination under

---

[1] The parties met and conferred on March 17, 2026, and the parties were unable to resolve the issues in dispute here. (*See* Declaration of Priya B. Vivian ("Vivian Decl.") in Support of Motion to Dismiss Plaintiff's Complaint and exhibits attached thereto.)

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 1
CASE NO. 2:26-CV-00586-RAJ

the Americans with Disabilities Act ("ADA").  Despite the breadth of these claims, the Complaint is replete with only conclusory assertions, rhetorical statements, and tangential references, none of which satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Each of Plaintiff's claims suffers from fundamental legal deficiencies warranting dismissal with prejudice.

*First*, Plaintiff's criminal statute claims under 18 U.S.C. §§ 241, 1512, and 1513 fail as a matter of law because these criminal statutes do not confer a private right of action upon individual plaintiffs.  Accordingly, Plaintiff's attempt to invoke these criminal statutes in a civil employment dispute is legally untenable and warrants dismissal with prejudice.

*Second*, Plaintiff's alleged claims under the Mahsa Amini Human Rights and Security Accountability Act of 2022, the United Nations Convention Against Torture, and Responsibility to Protect similarly fail because none of these doctrines provides an individual with a private right of action enforceable in federal court.  Therefore, dismissal with prejudice is warranted.

*Third*, although the Complaint references the Lanham Act and Washington's anti-SLAPP statute in the caption and body of the Complaint, the Complaint is devoid of any factual allegations in support of such claims.  Plaintiff identifies no facts establishing standing, no factual basis for liability, and no connection between these statutes and the conduct alleged.  Because these claims rest on nothing more than bare labels, they should be dismissed with prejudice for failure to state a claim.

*Fourth*, Plaintiff's Washington's Silenced No More Act claim, her national origin discrimination and retaliation claims under Title VII, and her disability discrimination claim under ADA each fail because the Complaint does not allege the necessary facts to state a plausible claim under the applicable statutory frameworks.  Plaintiff offers no more than formulaic recitations and conclusory statements, without alleging specific facts beyond the dates of alleged acts.  More is required under the law.  Therefore, these claims should be dismissed with prejudice.

*Finally*, Plaintiff's sex discrimination claim under Title VII also fails as a matter of law because Plaintiff did not exhaust her administrative remedies.  Specifically, she did not assert a

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 2
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

sex discrimination claim in her Charge filed with the Equal Employment Opportunity Commission ("EEOC"), which is a prerequisite to bring such a claim in federal court.  Therefore, this claim is procedurally barred and should be dismissed with prejudice.  In sum, not a single claim in Plaintiff's Complaint survives scrutiny.  Defendant respectfully requests that this Court dismiss the Complaint in its entirety with prejudice.

## II.  <u>STATEMENT OF FACTS</u>

The following statement of facts is drawn from the allegations in Plaintiff's Complaint:

Plaintiff alleges that Defendant employed Plaintiff as a Merchandising Execution Team corporate associate from April 10, 2024, to May 27, 2025.  (Dkt. No. 1 at 4, ¶ 13).  Plaintiff identifies herself as "Persian/Iranian American," and "female."  (*Id.* at 5, ¶ 13; and at 13, ¶ 25.)

Plaintiff filed a dual Charge with the EEOC and the Washington State Human Rights Commission ("WSHRC") on July 14, 2025.  (Vivian Decl. ¶ 9, Ex. 3.)  Though Plaintiff acknowledged that she filed this Charge and referenced Exhibit 1 in support of this allegation, she notably omitted the date she filed the Charge and did not attach the Charge as an exhibit to her Complaint.  (*Id.*)  Plaintiff also alleges a dual Charge of Discrimination Number "530-2023-05748" with the EEOC and the WSHRC.  (Dkt. No. 1 at 3, ¶ 5).  However, the EEOC's Determination and Notice of Rights ("Notice") Plaintiff attached as Exhibit 1 to the Complaint, which was issued to Plaintiff on November 18, 2025, identifies the EEOC Charge Number as "38G-2025-00204."  (*Id.* at 17-18).

Plaintiff alleges that Defendant's property in Issaquah is a "private property," but remains subject to Washington's Silence No More Act and references Exhibits 2-4 in support of this allegation, which include e-mails dated prior to her employment with Defendant.  (*Id.* at 4, ¶ 12.)

Plaintiff alleges that on January 21, 2025, she was "subjected to repeated unwelcome and unwanted impeding comments, propositions, and unwelcome restrictions * * * On multiple occasions, the Plaintiff was told there were 'different ways' she could understand that there is a 'managerial email.'"  (*Id.* at 8, ¶ 16.)  She also alleges that from approximately February 5, 2025, through May 27, 2025, Defendant "subjected multiple female workers to discrimination on the

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 3
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

basis of discriminatory attributes, including unwelcome and severe or pervasive discriminatory harassment or 'gate-keeping misconducts'" such as:  (a) making "unwelcome discriminatory comments"; (b) falsely writing up certain workers in a "targeted retaliatory" manner; (c) subjecting "female workers" to sudden signage of "silencing agreements"; and (e) taking "adverse work safety actions" and forcing female workers "to do heavy physical work while injured." (*Id.* at 6-7, ¶ 15.)  These allegations appear to be generalized to "female workers" broadly, rather than conduct Plaintiff experienced.

The Complaint also alleges that on or around February 5, 2025, Plaintiff experienced a "life-threatening car accident" and that she had a "known qualified 'life-event' that was health related."  Plaintiff asserts her "doctor's note" and "life-threatening injuries were overlooked purposefully" by her manager and that "accommodation was put in place late and was not followed up because she complained to police about their actions." (*Id.* at 9, ¶ 17.)

Plaintiff alleges that two "reported" upper managers found her working alone on May 27, 2025, "while the internal Home Depot investigating and State inquiry were ongoing," and that "[t]hey engaged in retaliatory conduct against Plaintiff knowingly, voluntarily, maliciously with intent." (*Id.* at 10, ¶ 18.)  Moreover, she alleges she was "violently wrongfully terminated on May 27, 2025, while the U.S. government's appropriate agencies were investigating." (*Id.* at 5, ¶ 13.)

### III.  <u>STATEMENT OF ISSUE</u>

Should the Court dismiss Plaintiff's claims against Defendant where Plaintiff fails to state a claim upon which relief can be granted?  Yes.

### IV.  <u>EVIDENCE RELIED UPON</u>

Defendant relies on the pleadings and papers filed in this action, Declaration of Priya B. Vivian in Support of Motion to Dismiss Plaintiff's Complaint and exhibits attached thereto.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 4
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

## V. <u>ARGUMENT AND ANALYSIS</u>

### A.    Standard of Review.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 578 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under Rule 8 of the Federal Rules of Civil Procedure, the notice pleading demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Papson v. Allain*, 478 U.S. 265 268 (1996)).  The court may dismiss the case when the plaintiff lacks a "cognizable legal theory" or fails to present sufficient facts to support a cognizable legal theory. *Kwan v. San Medical Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).  Mere speculation is insufficient. *Twombly*, 550 U.S. at 555.  Nor can a plaintiff rely on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1988)("conclusory allegations of law and warranted inferences are not sufficient to defeat a motion to dismiss").  Rather, for a claim to survive, a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Courts may not "conjure" unclaimed facts that "might turn a frivolous claim * * * into a substantial one." *Id.* at 562 (internal citations and quotations omitted).

Further, the principles of generous construction of *pro se* complaints are not without limits:

> Courts must liberally construe the pleadings of *pro se* plaintiffs. *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016).  Yet such pleadings must still comply with recognized pleading standards. *Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1996) * * * If Plaintiff does not allege facts that support a claim [], the Court cannot find that Plaintiff has stated a plausible claim for relief.  Plaintiff's pleadings are construed liberally as a *pro se* plaintiff, but Plaintiff must still allege more than legal conclusions.

*Gage v. Mayo Clinic*, 707 F. Supp. 3d 870, 876-78 (D. Ariz. 2023), *aff'd*, No. 23-4410, 225 WL 1733503 (9th Cir. June 23, 2025).

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

**B.    Plaintiff's Claims Should Be Dismissed With Prejudice.**

Plaintiff's Complaint purports to allege a variety of federal and state claims arising from her employment with Defendant.  It appears to allege legal theories, spanning Title VII, ADA, federal criminal statutes, international human rights doctrines, and consumer protection laws, without providing coherent facts in support of these alleged claims.  The Complaint is full of conclusory assertions, rhetorical statements, and tangential references to unrelated government correspondence, yet it fails to allege well-pleaded facts sufficient to state a plausible claim for relief under any of the statutes it invokes.  These are discussed in detail below.

**1.    Plaintiff's claims based on federal criminal statutes do not provide a private right of action.**

Plaintiff's claims under 18 U.S.C. §§ 241 (conspiracy against civil rights), 1512 (witness tampering), and 1513 (retaliation against witnesses) should be dismissed with prejudice as a matter of law because they are criminal statues, and criminal statutes do not provide private individuals, like Plaintiff, the right to sue.

Courts are especially reluctant to find a private right of action under criminal statutes, whose purpose is to define crimes and set punishments, not give individuals the ability to bring civil claims.  *See Keyter v. McCain,* 207 F. App'x 801, 802 (9th Cir. 2006) (federal criminal statutes that provide for punishment by fine or imprisonment generally do not create privately enforceable rights or give rise to civil liability); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (the court held that federal criminal provisions, including 18 U.S.C. § 241, "provide no basis for civil liability"); *Schleining v. Signal Peak Energy, LLC*, No. CV 25-60-BLG-SPW, 2025 WL 1382939, at *2 (D. Mont. May 13, 2025) (18 U.S.C. § 1512 "does not contain any rights-creating language that manifests a congressional intent to create an accompanying private right of action" and instead "merely defines the offenses and prescribes the applicable punishment"); *Markley v. City of Seattle*, No. C22-5038-RSL, 2022 WL374415, at *1 (W.D. Wash. Feb. 8, 2022) (no right to sue under 18 U.S.C. § 241).

As a matter of law, Plaintiff's claims under 18 U.S.C. §§ 241, 1512, and 1513 fail because

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

these statutes do not provide Plaintiff the right to bring civil claims against Defendant, her former employer. No amendment can supply the congressional intent these statutes lack, and courts routinely dismiss such claims outright. Because no factual repleading can create a congressionally omitted cause of action, amendment would be futile. Therefore, Defendant respectfully requests that these claims be dismissed with prejudice. Moreover, because these statutes do not authorize private civil enforcement, the prayers for relief based on them are immaterial, legally insufficient, and should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

**2.      Plaintiff's claims based on human rights doctrines, such as the "MAHSA Act," the United Nations Convention Against Torture ("UNCAT"), and Responsibility to Protect ("R2P") do not provide a private right of action.**

Likewise, Plaintiff's claims under MAHSA Act, UNCAT, and R2P should be dismissed with prejudice as matter of law because these human rights doctrines do not provide Plaintiff, a private individual, a privately enforceable civil remedy against a private employer for employment discrimination.

The Complaint does not identify what the "MAHSA Act," does not cite to any codified statutory provision, and does not allege facts demonstrating how this purported statute applies to a private employer. To the extent Plaintiff references the Mahsa Amini Human Rights and Security Accountability Act of 2022, that legislation authorizes the ***President of the United States*** to sanction Iranian government officials responsible for human rights abuses in Iran. *See* 22 U.S.C. § 8501. Nothing in the statute indicates any text authorizing an employee to sue a private employer for damages, injunctions, or any other civil relief. UNCAT is even more explicit against private enforcement, which states, in substance, that its provision does not create a private right of action and does not generally authorize administrative or judicial relief. *See* 28 U.S.C. § 1350. Meanwhile, R2P is a 2005 United Nations adopted political commitment designed to prevent genocide, war crimes, ethnic cleansing, and crimes. *About the Responsibility to Protect*, United Nations, https://www.un.org/en/genocide-prevention/responsibility-protect/about (last visited Mar. 16, 2026). In other words, it is a political and diplomatic framework, not a statute, treaty, or binding source of domestic law.

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Here, Plaintiff was Defendant's employee, not the President of the United States, and Defendant is not part of the Iranian government. More importantly, Plaintiff's criminal statutory claims against Defendant, her claims under MAHSA Act, UNCAT, and R2P do not provide Plaintiff with a right to bring civil claims against Defendant. Nor has Plaintiff articulated any facts that would even remotely fall under any of these statutes or framework. No amendment can supply the congressional intent these statutes lack. Because no factual repleading can create a congressionally omitted cause of action, amendment would be futile. Therefore, Defendant respectfully requests that these claims be dismissed with prejudice.

### 3. Plaintiff's Complaint is completely devoid of facts to support a claim under the Lanham Act.

The Complaint lists the "Lanham Act of 1946 – Substance over form" among Plaintiff's purported cause of action on the case caption (Dkt. No. 1 at 1). This claim should be dismissed because Plaintiff has failed to state a claim upon which relief could be granted.

The Lanham Act provides a plaintiff several avenues to assert a claim: false association, false designation, or endorsement under 15 U.S.C. § 1125(a)(1)(A); false advertising under 15 U.S.C. § 1125(a)(1)(B); trademark infringement under 15 U.S.C. § 1114 or 15 U.S.C. § 1125(a); or dilution under 15 U.S.C. § 1125(c). Each theory has its own required elements. *See* 15 U.S.C. §§ 1114-1125 (a)-(c).

Here, Plaintiff's Complaint is completely devoid of factual allegations that support any of the claims Plaintiff could assert under any provision of the Lanham Act. Specifically, there are no factual allegations of false association, false designation, or endorsement; no allegations of false advertising; no allegations of trademark infringement; and no allegations of dilution.

A complaint must do more than list a statute by name; it must allege facts that, accepted as true, state a plausible claim for relief under the statute. *Iqbal*, 556 U.S. at 678. In this case, Plaintiff merely identifies a legal theory in the Complaint caption but provides no supporting factual allegations whatsoever in the body. *See Kwan*, 854 F.3d at 1093 (dismissal is appropriate when a

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

plaintiff fails to present sufficient facts to support a cognizable legal theory); *Twombly*, 550 U.S. at 555 (mere "labels and conclusions" cannot substitute for factual allegations).

Ultimately, Plaintiff's Lanham Act claim is nothing more than a label, devoid of any factual support, and should be dismissed.

**4.    The Complaint fails to plead facts showing a violation of Washington's Silenced No More Act.**

Washington's Silenced No More Act (the "SNMA") prohibits certain nondisclosure and nondisparagement provisions that would prevent employees from discussing unlawful discrimination, harassment, retaliation, wage-and-hour violations, sexual assault, and similar workplace conduct. *See* Wash. Rev. Code § 49.44.210(1). The SNMA also prohibits an employer from discharging or otherwise retaliating against an employee for "disclosing or discussing conduct that the employee reasonably believed to be illegal harassment, illegal discrimination, illegal retaliation, wage and hour violations, or sexual assault." Wash. Rev. Code § 49.44.210(3). The Complaint fails to state a claim under either provision.

A plaintiff seeking to invoke this statute's prohibition on nondisclosure and nondisparagement provisions must, at minimum, allege facts showing the existence or attempted enforcement of a covered agreement or provision prohibited by the statute. Merely invoking the SNMA by name is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

Here, Plaintiff's Complaint only makes passing references to the Silence No More Act, generally alleging that Defendant's "Issaquah property is 'in concert with'" the Act and that Defendant has "botched silencing agreements" and is "in direct clear violations of [the Act]." (Dkt. No. 1 at 2, ¶1; and at 14, ¶ 29). However, the Complaint does not plead any facts describing prohibited conduct by the statute. It does not identify any nondisclosure agreement, nondisparagement provision, settlement agreement, or other contract term that Defendant allegedly required Plaintiff to sign or sought to enforce against her. Nor does it allege that Plaintiff herself entered into any such agreement, was presented with one, or suffered any injury from the enforcement of any prohibited contractual provision.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 9
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

To the extent Plaintiff argues that her vague reference to "all-of-a-sudden signage of silencing agreement" salvages her claim, that allegation does not specify that Plaintiff: signed any agreement; was asked to sign one; refused to sign one; or was disciplined or threatened for declining to do so. Nor does it describe what the supposed "silencing agreements" were, who presented them, when they were presented, or how they violated the statute.

The SNMA also prohibits an employer from discharging or retaliating against an employee for disclosing or discussing qualifying conduct as stated under Wash. Rev. Code § 49.44.210(3). The Complaint does not identify any protected disclosure or discussion of any alleged illegal harassment, illegal discrimination, illegal retaliation, wage and hour violations, or sexual assault that preceded Plaintiff's alleged termination. Plaintiff's EEOC Charge was not filed until July 14, 2025, almost seven weeks after her termination and a post-termination filing cannot constitute a pre-termination disclosure under the SNMA. Exhibits 2 and 4, reflecting Plaintiff's alleged communications with Washington state officials from 2022 and 2023, predated Plaintiff's employment with Defendant entirely and bear no connection to her workplace. The remaining references to reports to the Issaquah Police, the FBI, and unspecified "complaints" are insufficient because the Complaint does not allege that these reports concerned qualifying conduct under the SNMA, when they were made, and whether Defendant knew of them before the termination decision.

Even if a qualifying disclosure could be identified, the Complaint fails to plead facts to support causation. It relies solely on temporal proximity and the vague assertion that investigations were "ongoing" at the time of termination, but does not allege who made the termination decision or whether that person was aware of any disclosures. *See Villarimon v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (Timing alone, where an adverse employment action follows on the heels of protected activity, will not show causation).

For all the foregoing reasons, Plaintiff has failed to state a claim under the Silenced No More Act. Accordingly, this claim should be dismissed with prejudice.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 10
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

**5.    The Complaint mentions Washington's anti-SLAPP law only in passing and pleads no supporting facts.**

Plaintiff's purported claims based on Washington's anti-SLAPP law should be dismissed because Washington's anti-SLAPP authorities do not create a freestanding affirmative cause of action that a plaintiff may assert for damages or other relief.  Further, even if it did, the Complaint pleads no facts giving rise to such a claim.

Washington law recognizes anti-SLAPP protection as a shield against liability, through statutory immunity for certain communications to the government and, historically, a procedural mechanism to strike claims targeting protected petitioning activity.  *See Leishman v. Ogden Murphy Wallace, PLLC*, 196 Wash. 2d 898, 903, 479 P.3d 688, 691 (2021), as amended (Aug. 19, 2021).  Because the doctrine operates defensively rather than as an independent substantive claim, Plaintiff cannot state an anti-SLAPP cause of action as a matter of law.

The Complaint confirms as much.  It references Washington's "Anti-SLAPP Law 1999" in the caption and later alleges in its body that "renewed anti-SLAPP laws have been in effect since 1999 in the State of Washington" and that Washington enacted the "first anti-SLAPP statute in the U.S." (Dkt. No. 1 at 10-11, ¶ 18).  However, beyond those passing references, the Complaint fails to plead factual allegations bringing Defendant's alleged conduct within any recognized anti-SLAPP framework.  Plaintiff does not allege that Defendant sued her, threatened to sue her, served her a cease-and-desist letter or litigation demand, initiated any judicial proceeding against her, or otherwise used legal process to chill protected speech or petitioning activity.

Instead, the allegations in the Complaint concern an employment dispute involving discrimination, retaliation, workplace mistreatment, accommodation issues, termination, and an alleged "smear campaign."  Even liberally construed, vague allegations regarding "silencing agreements," "silencing acts," or retaliation after complaints to police do not describe the kind of protected petitioning activity or communication to the government conduct that falls under Washington's anti-SLAPP law.  Ultimately, anti-SLAPP principles do not apply where the

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

gravamen of the dispute is not protected petitioning activity. *See City of Seattle v. Egan*, 179 Wash. App. 333, 341–42, 317 P.3d 568, 571–72 (2014).

Similarly, the Complaint's anti-SLAPP allegations fail under ordinary pleading standards. Here, the Complaint offers only stray legal labels untethered to any pleaded facts showing conduct that falls within the scope of Washington's anti-SLAPP framework.

The Court should dismiss Plaintiff's anti-SLAPP claim with prejudice because amendment would be futile. The defect is not merely a lack of detail. It is that Washington anti-SLAPP law does not furnish the affirmative claim Plaintiff attempts to plead. Moreover, the facts alleged show, at most, a workplace dispute, not a SLAPP suit, threatened litigation aimed at protected petitioning, or any other conduct that could be repleaded into a viable anti-SLAPP cause of action. Because Plaintiff's theory fails as a matter of law and cannot be cured by amendment, this claim should be dismissed with prejudice.

**6.      The Complaint fails to state plausible discrimination claims under Title VII.**

Although the Complaint invokes Title VII and uses terms such as "discrimination," "harassment," and "gatekeeping," it does not plead facts sufficient to state a plausible claim that Plaintiff herself was subjected to an adverse employment action or actionable harassment because of her sex or national origin.

To assert a prima facie case of discrimination under Title VII, plaintiff must allege that: (1) she belongs to a protected class; (2) she was qualified for her position or performing satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017).

**a.      Sex discrimination; sex-based hostile work harassment.**

Plaintiff's sex discrimination claim fails for a number of reasons. First, Plaintiff fails to state a claim upon which relief can be granted because she failed to timely exhaust her administrative remedies prior to filing the present suit.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 12
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

An aggrieved individual may pursue in court only those claims that were presented to the EEOC, or claims that are "like or reasonably related to" the EEOC charge, or that fall within the scope of the EEOC investigation that actually occurred or reasonably would have grown from the charge. *Leong v. Potter*, 347 F.3d 1117, 1121-22 (9th Cir. 2003); *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002); *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002); *B.K.B. v. Mui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002).

Here, Plaintiff's EEOC charge did not assert sex discrimination or sex-based harassment in violation of Title VII.  Similarly, the EEOC Charge does not assert race, color, and religious discrimination in violation of Title VII, to the extent Plaintiff contends she is alleging such claims.  Instead, the Charge asserts age discrimination, national origin discrimination, disability discrimination, and retaliation in violation of Title VII.  (Vivian Decl. ¶ 9, Ex. 3.)  Likewise, the factual allegations in the body of the Charge alleges discrimination and retaliation only on those grounds.  (*Id.*)  The Charge does not contain factual allegations:  that Plaintiff was subjected to any adverse employment action because of her sex, race, color, or religion; comparing Plaintiff's treatment to male employees, or employees who were of a different race, color, or religion; or sex-, race-, color-, or religious-based comments, stereotyping, or other gender-, race- color-, or religious-related conduct.  Thus, on the face of the Charge, sex, race, color, or religious discrimination were not presented to the EEOC.

That omission is dispositive.  The Ninth Circuit has made clear that courts look to the factual statement in the charge, not simply general references to "discrimination," to determine the scope of exhaustion. *Freeman*, 291 F.3d at 636.  Although EEOC charges are construed liberally, the rule does not permit a plaintiff to add an entirely new theory of discrimination in federal court. *Lyons*, 307 F.3d at 1104; *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001).  However, a sex discrimination claim later asserted is not exhausted unless the facts alleged in the Charge would reasonably have prompted an EEOC investigation into such a claim.  *Leong*, 347 F.3d at 1122; *Freeman*, 291 F.3d 636.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 13
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

That is not the case here. Nothing in Plaintiff's Charge would have caused the EEOC to investigate whether Plaintiff was discriminated because of her sex, race, color, or religion. An investigation into age, national origin, disability, and retaliation does not naturally expand into sex, race, color, or religious discrimination absent factual allegation connecting the alleged wrongful conduct to Plaintiff's sex, race, color, or religion. Courts in the Ninth Circuit routinely dismiss omitted discrimination theories on that basis. *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir. 1987) (claims not encompassed by the administrative charge are barred); *Waesche v. Embry-Riddle Aeronautical Univ.*, No. CV-22-08199-PCT-DJH, 2023 WL 6276642, at *3 (D. Ariz. Sept. 29, 2023) (dismissing sex discrimination claim where charge lacked facts that would reasonably lead to a sex discrimination investigation); *Flores v. Safeway Inc.*, No. 19-cv-06079-NC, 2020 WL 570927, at *3 (N.D. Cal. Feb. 3, 2020) (same).

Because Plaintiff's sex, race, color, or religious discrimination claims were neither asserted in the EEOC Charge nor like or reasonably related to, or within the scope of the EEOC investigation that reasonably would have grown from that Charge, Plaintiff failed to exhaust administrative remedies as to these claims. Therefore, the Court should dismiss Plaintiff's Title VII sex, race, color, or religious discrimination claims with prejudice.

Even if Plaintiff could successfully argue that she exhausted her administrative remedies (which Defendant disputes), the Complaint fails to plead facts to assert a sex, race, color, or religious discrimination claim under Title VII. It fails to allege whether Plaintiff was qualified for her position and/or performing satisfactorily. It also fails to allege any specific adverse employment action taken against Plaintiff because she is female or because of her color, race, or religion. Plaintiff's allegation that she was not promoted or denied a transfer to the "store-side" is likewise insufficient. The Complaint does not allege who denied Plaintiff the promotion and/or transfer, whether Plaintiff was qualified for the promotion and/or transfer, that Plaintiff was denied a promotion and/or transfer because she is female or because of her color, race, or religion, or whether male employees or employees of different colors, races, or religions received comparable promotion and/or transfer opportunities under similar circumstances. Moreover, though the

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Complaint alleges that Plaintiff was terminated, it does not provide any details that it occurred because of her sex, color, race, or religion.

Though the Complaint alleges in broad strokes that "multiple female workers" were subjected to "discrimination," "gate-keeping," write-ups, purported "silencing agreements," and difficult physical work, these allegations concern female employees as a group, which do not suffice unless the Complaint pleads facts showing what specifically happened to Plaintiff, who did it, when it occurred, and how the conduct was because of Plaintiff's gender. *See Greenwood v. Frost*, No. 19-CV-00137-DKW-RT, 2019 WL 4620363, at \*5 (D. Haw. Sept. 23, 2019) (Complaint entirely inadequate where it stated only: "Discrimination (Title VII) against women in the workplace examples including women being ignored and dismissed"); *Kelsey v. Goldstar Est. Buyers Corp.*, No. 3:13-CV-00354-HU, 2014 WL 1155253, at \*6 (D. Or. Mar. 21, 2014) (Title VII sex discrimination dismissed because "there is nothing in the complaint describing any events that specifically occurred between these three women and the alleged harasser").

To the extent Plaintiff is also asserting a hostile work environment claim based on gender, that claim would also fail. The Complaint refers generally to "unwelcome discriminatory comments," unwelcome and unwanted impeding comments, propositions, and unwelcome restrictions" and "severe or pervasive discriminatory harassment," but does not identify the substance of the remarks, who made them, whether they were directed at Plaintiff, how often they occurred, or facts showing the conduct was because of Plaintiff's sex. Therefore, Plaintiff's sex discrimination fails on the face of the Complaint. *See Greenwood* 2019 WL 4620363, at \*5; *Kelsey*, 2014 WL 115523, at \*6.

### b.    National origin discrimination.

Plaintiff's national origin discrimination claim is even more deficient. The Complaint identifies Plaintiff as "Persian/Iranian American," but that allegation alone does not state a claim under Title VII. Similar to the deficiencies in her sex discrimination claim, the Complaint does not allege that Plaintiff was qualified for her position and/or performing satisfactorily, that Plaintiff was subjected to an adverse employment action, such denial of promotion, transfer, or termination,

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

because she is Persian/Iranian American, or that similarly situated non-Persian or non-Iranian American employees were treated more favorably. Nor does the Complaint allege any anti-Persian or anti-Iranian remarks or comments referencing Plaintiff's national origin.

Without factual allegations linking the alleged discriminatory conduct to Plaintiff's national origin, Plaintiff's claim is entirely conclusory and must be dismissed.

For these reasons, Defendant respectfully requests that the Court dismiss Plaintiff's sex discrimination and national origin discrimination claims.

**7.       The Complaint fails to state a plausible retaliation claim under Title VII.**

The Complaint does not plead sufficient facts to state a plausible claim that Plaintiff was terminated in retaliation for engaging in a protected activity.

To allege a prima facie claim for retaliation under Title VII, Plaintiff must plead that: (1) she engaged in a protected activity; (2) that Defendant subjected her to an adverse employment action; (3) that there was a causal connection between the protected activity and the adverse action. *Cheatham v. City of Phoenix*, 699 F. App'x 647, 648 (2017).

Plaintiff's retaliation claim is deficient for a number of reasons. First, the Complaint does not clearly identify any protected activity that preceded Plaintiff's alleged termination on May 27, 2025. To the extent Plaintiff argues she has cured any pleading deficiency by alleging she was "violently wrongfully terminated on May 27th, 2025 while the U.S. government's appropriate agencies were investigating," such an argument would fail. Indeed, Plaintiff did not file the Charge with the EEOC until July 14, 2025, almost seven weeks after her termination, and filing a charge with the EEOC after she was terminated could not have caused her earlier termination. Nor do Exhibits 2 and 4, which reflect communications with Washington state officials, support the missing protected activity. These communications from 2022 and 2023 significantly predated Plaintiff's employment with Defendant and cannot plausibly support the claim that Defendant retaliated against her during her later employment because of these alleged communications.

The Complaint also references reports to the Issaquah Police, the FBI, and unspecified "complaints." However, the Complaint does not allege facts showing that these reports concerned

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 16
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

conduct prohibited by Title VII; that they were made in opposition to sex, national origin, or any other protected class under Title VII; the dates the alleged protected activity occurred; or that Defendant knew of these alleged reports before the termination decision.

Even if Plaintiff did engage in some protected activity (which Defendant disputes), the Complaint fails to plead facts alleging a causal connection between any protected activity and Plaintiff's termination. Instead, the Complaint relies largely on temporal proximity and the allegation that internal and state investigations were "ongoing" when Plaintiff was terminated. However, temporal proximity alone, especially pled in vague and conclusory terms does not plausibly assert causation where the complaint omits factual allegations linking the decision makers to the asserted protected activity. *Villarimon*, 281 F.3d at 1065 (Timing alone, where an adverse employment action follows on the heels of protected activity, will not show causation in retaliation cases).

Based on the following, Plaintiff's retaliation claim under Title VII fails and should be dismissed.

**8.        The Complaint fails to sufficiently plead key elements of an ADA claim.**

The Complaint does not sufficiently plead key elements of an ADA claim.

The ADA prohibits employers from discriminating against (1) qualified individuals (2) on the basis of disability in regard to (3) the terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). An individual is "qualified" under the ADA if the individual can perform the essential functions of the employment position that such individual holds or desires, with or without reasonable accommodation. 42 U.S.C. § 12111(8). An individual has a "disability" under the ADA if they have a "physical or mental impairment that substantially limits one or more major life activities of such individual; * * * a record of such impairment; * * *or being regarded as having such an impairment." 42 U.SC. § 12102.

Plaintiff's disability discrimination claim is deficient for several reasons. First, the Complaint does not allege facts that Plaintiff had a disability within the meaning of the ADA. To state a disability discrimination claim, Plaintiff must allege facts showing that she had a physical

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

or mental impairment that substantially limited one or more major life activities, had a record of such an impairment, or was regarded as having such an impairment. *See* 42 U.S.C. § 12102(1). However, the Complaint only vaguely alleges that Plaintiff experienced a "life threatening car accident" and had injuries that were health related. It does not identify the specific physical or mental impairment Plaintiff alleged had; what major life activity was substantially limited; or whether Defendant regarded Plaintiff as disabled. Bare allegations of a car accident, injuries, or a doctor's note is not enough to plausibly plead an ADA disability. *See Ricks v. Kings View Mental Health Serv.*, No. 1:14-CV-1762 AWISMS, 2015 WL 300637, at *4-5 (E.D. Cal. Jan. 22, 2015) (dismissing Complaint where *pro se* plaintiff only alleged bipolar disorder, but not that is impairment substantially limits any major life activities); *Rodriguez v. John Muir Medical Ctr.*, No. C 09-0731 CW, 2010 WL 1002641, at *2 (N.D. Cal. Mar. 18, 2010) (disability insufficiently pled where plaintiff asserted she "had a disability involving her back" but alleged no facts suggesting a substantial impairment or "the nature, severity, duration and impact of her disability."); *Cash v. Magic City Motor Corp.*, No. 7:16-CV-00192, 2017 WL 281755, at *3 (W.D. Va. Jan. 20, 2017) (plaintiff failed to plead actual disability where he only alleged he an impairment but did not identify a major life activity or allege that the impairments substantially limited a major life activity) (citations omitted).

Second, Complaints under the ADA must include factual allegations relating to the essential functions of the job and the individual's qualifications to perform them.

> To determine whether the disability case is plausibly pleaded, the court first examines whether the individual satisfies the requisite skill, experience, education and other job-related requirements of the position, then whether the individual can perform the essential functions * * * with or without a reasonable accommodation.

*Palma v. County Of Stanislaus*, No. 1:17-CV-0819 AWI EPG, 2017 WL 6513282, at *4, 6 (E.D. Cal. Dec. 20, 2017) (Ishii, J) (quoting *Samper v. Providence St. Vincent Medical Center*, 675 F.3d 1233, 1237 (9th Cir. 2012). However, the Complaint fails to allege facts to suggest Plaintiff was qualified. Specifically, it does not identify Plaintiff's job duties, what functions were

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

essential, and what limitations she had in performing those duties, or how she remained able to perform the job if provided with reasonable accommodation.  District Courts in the Ninth Circuit have dismissed ADA claims for this reason and should do so here. *See Palma*, 2017 WL 6513282, at *4, 6 (dismissing Complaint where "plaintiff failed to identify the essential functions of the job to which she applied, and has failed to allege with sufficient factual specificity her ability to perform these functions"); *Bedeski v. Boeing Co.*, No. C14-1157RSL, 2014 WL 6452420, at *3 (W.D. Wash. Nov. 14, 2014) ("Plaintiff has not adequately pled that she was qualified to perform the essential functions of her job with reasonable accommodation"); *Fresquez v. Cnty. Of Stanislaus*, No. 1:13-cv-1897-AWI-SAB, 2014 WL 1922560, at *9 (simply reciting legal conclusions of *prima facie* ADA case insufficient to survive a motion to dismiss).Third, the Complaint does not allege facts stating that any adverse action was because of Plaintiff's disability. The Complaint does not connect any alleged write-up, discipline, work assignment, or termination to Plaintiff's alleged disability.  Conclusory assertions that her injuries were "overlooked purposefully" does not establish causation because it does not provide enough detail showing that decisionmakers acted because of Plaintiff's alleged disability rather than some other reason or that non-disabled employees were treated more favorably in comparable circumstances.  Courts have consistently dismissed ADA claims due to the absence of factual allegations showing the challenged employment decision was because of disability and should do so in this case.  *See Anderson v. Amazon.com, Inc.*, No. 121CV00127NONEBAM, 2021 WL 1985457, at *3 (E.D. Cal. May 18, 2021) (Pro se plaintiff does not adequately allege a causal link between any protected activity and any adverse personnel action.); *Ting v. Adams & Assocs., Inc.*, 823 F. App'x 519, 522 (9th Cir. 2020) ("the district court properly dismissed **Ting's** disability discrimination claim because she failed to plausibly allege that **Adams** chose not to rehire her on account of her disability"); *Watkins v. High Roller Inc.*, No. 118CV01411DADBAM, 2019 WL 249534, at *3 (E.D. Cal. Jan. 17, 2019) ("Plaintiff's complaint also fails to adequately allege that he was terminated because of his disability or that he suffered an adverse employment action because of his disability.").

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 19
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Therefore, Plaintiff's ADA claim should be dismissed with prejudice.

## C.    Leave to Amend Should Not Be Granted.

"A party may amend its pleading once as a matter of course no later than:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, when amendment would be futile, a complaint should be dismissed without leave to amend.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

This is not a case involving a single technical pleading defect that could be corrected with modest amendment.  Based on the arguments discussed above, the Complaint suffers from foundational legal and factual deficiencies across every theory asserted:

- Nonexistent private causes of action based on criminal statutes and human rights doctrines;

- Absent facts to support statutory claims under the Lanham Act, Washington Silenced No More Act, and Washington anti-SLAPP;

- Unsupported national origin discrimination and retaliation claims under Title VII lacking a majority of the required prima facie elements;

- Sex, race, color, and religious discrimination claims under Title VII that are procedurally barred because Plaintiff failed to exhaust her administrative remedies; and

- An unsupported disability discrimination claim lacking facts as to disability, qualification, accommodation, or causation.

The Complaint is comprised of legal labels and conclusory assertions without a viable legal or factual basis.  Further amendment would only prolong the litigation without curing the defects.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011) (District court acted within its discretion in dismissing plaintiff's complaint without granting plaintiff's request to amend).  Because amendment would be futile, the Court should dismiss the Complaint without leave to amend and with prejudice as to claims that fail as a matter of law.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 20
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

## VI. CONCLUSION

For the reasons stated herein, Defendant respectfully moves this Court to dismiss Plaintiff's Complaint (Dkt. No. 1) with prejudice.

DATED: March 18, 2026

I certify that this memorandum contains 7006 words, in compliance with the local Civil Rules.

BALLARD SPAHR LLP

By:    *s/ Priya B. Vivian*
  Priya B. Vivian, WSBA No. 51802
  1301 Second Avenue, Suite 2800
  Seattle, Washington 98101
  Telephone: 206.223.7000
  E-Mail: vivianp@ballardspahr.com

  A.C. Estacio-Heilich, *pro hac vice pending*
  601 SW Second Avenue, Suite 2100
  Portland, Oregon 97204-3158
  Telephone: 503.778.2100
  E-Mail: estacioheilicha@ballardspahr.com

Attorneys for Defendant

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 21
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

## <u>CERTIFICATE OF SERVICE</u>

I, Shanynn Foster, hereby certify under penalty of perjury of the laws of the United States that on the date below, I caused to be served a copy of the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**, on the following person(s) at the following address(es):

Shannon S. Farazi
3500 East Lake Sammamish Parkway SE
Unit 1-306
Sammamish, WA  98075

*Pro Se Plaintiff*

☐   ECF Notice
☐   by U.S. Mail
☐   by Electronic Mail
☐   by Electronic Mail pursuant to
     e-service agreement
☐   by Overnight Delivery
☒   by Hand Delivery

DATED this 18th day of March, 2026.

*s/ Shanynn Foster*
Shanynn Foster, Legal Assistant

MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 22
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107