HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON FARAZI, | Case No.  2:26-cv-00586-RAJ |
| Plaintiff, | ORDER |
| v. | |
| HOME DEPOT U.S.A., INC., *et al*., | |
| Defendants. | |

ORDER – 1

# I.   INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Shannon Farazi's Application for Court-Appointed Counsel (the "Application," Dkt. # 2).   Defendant Home Depot U.S.A., Inc. did not file a response.   The Court has reviewed the Application, the balance of the record, and the governing law.   For the reasons set forth below, the Court **DENIES** the Application.

# II.   DISCUSSION

Plaintiff asks the Court to appoint counsel in this action for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,[1] along claims arising under various other federal and state laws.   Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for a Title VII plaintiff." *Pavageau v. Delta Airlines, Inc.*, No. 24-cv-332, 2025 WL 2052665, at *1 (W.D. Wash. July 22, 2025) (quotations omitted).   In considering requests for counsel related to Title VII claims, a reviewing court assesses the applicant's financial resources, any efforts the applicant has already made to secure counsel, and whether the plaintiff's claim is meritorious. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

While Plaintiff's financial affidavit provides that she is unemployed and does not earn any monthly income in excess of her monthly expenses, it also indicates that she may have access to other financial resources.   Dkt. # 2 at 4–5.   Accordingly, this factor weighs against the appointment of counsel.

---

[1]   While the Application provides that Plaintiff's action "is **not** . . . an employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.," Dkt. # 2 at 1, the Complaint explicitly asserts a cause of action for discrimination against Plaintiff due to "wrongful termination by retaliatory means," in violation of 42 U.S.C. §2000e-3(a).   Dkt. # 1 ¶ 25(b).

ORDER – 2

With respect to Plaintiff's efforts to secure counsel, Plaintiff states that she has contacted three attorneys without success: two of the attorneys rejected her case or never returned her call, and the third was "[t]oo expensive." *Id.* at 2. Plaintiff does not specify how long she spent looking for counsel, nor whether she made any efforts to secure an attorney on a contingency fee basis. *See Pavageau*, 2025 WL 2052665, at *2 (citations omitted). As such, while the Application presents some evidence of Plaintiff's efforts to search for counsel, it does not appear from the record before the Court that a continued search for counsel would be futile. This factor therefore weighs against the appointment of counsel.

As to the merits of the Complaint, Plaintiff indicates that the Equal Employment Opportunity Commission has determined that there is reasonable cause to believe that her allegations are true. Dkt. # 2 at 2. Plaintiff identifies herself in her Complaint as "Persian/Iranian American" and "female." Dkt. # 1 ¶¶ 13, 25. However, the Complaint does not appear to allege specific facts linking Plaintiff's allegations of discrimination or retaliation to her sex or national origin. *See generally* Dkt. # 1. Accordingly, the Court is unable to conclude that Plaintiff's Title VII claim is meritorious based on "the undeveloped, limited record before it." *Pavageau*, 2025 WL 2052665, at *2 (citing *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021)). Nor has Plaintiff otherwise provided "any compelling arguments or evidence that this case is likely to succeed on the merits" of her Title VII or other claims. *Id.* (citing *Ralls v. Facebook*, No. C16-0007-JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016)). While the Court accords some weight to the EEOC's initial determination, based on its review of the existing record, this factor still weighs modestly against appointing counsel.

ORDER – 3

Because all three of the Title VII factors weigh against appointing counsel, the Court denies the Application at this time.  Plaintiff may renew her request for court-appointed counsel at a later time if circumstances change.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Application for Court-Appointed Counsel.  Dkt. # 2.

DATED this 2nd day of April, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4