THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON FARAZI,<br><br>               Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC. ("HOME DEPOT") et al.,<br><br>               Defendant. | Case No. 2:26-CV-00586-RAJ<br><br>**HOME DEPOT'S RESPONSE TO MOTION/REQUEST FOR JUDICIAL NOTICE** |

## I. <u>INTRODUCTION</u>

Pro se plaintiff Shannon Farazi asks the Court to take judicial notice of several documents and four allegedly "true fact[s]." Dkt. 17. Federal Rule of Evidence 201 permits judicial notice only of a fact "not subject to reasonable dispute" because the fact is either "generally known" or can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Nothing Dr. Farazi seeks judicial notice of meets this standard. The Court should deny the motion.

## II. <u>BACKGROUND</u>

Dr. Farazi alleges claims arising out of her employment with Home Depot. Dkt. 1. The day she filed the Complaint, Dr. Farazi moved for summary judgment and an "order for relief." Dkts. 4, 5. Home Depot moved to dismiss and to stay Dr. Farazi's motions. Dkts. 14, 15. Dr. Farazi now moves for judicial notice.

HOME DEPOT'S RESPONSE TO
MOTION/REQUEST FOR JUDICIAL NOTICE - 1
NO. 2:26-CV-00586-RAJ

The motion asks the Court to incorporate into the record certain attachments "as supporting documents." Dkt. 17 at 16. These are purportedly: (1) a U.S. Department of Justice webpage; (2) a Ninth Circuit jury instruction; (3) a copy of the Court's docket for this case, together with a portion of a notice of electronic filing; and (4) a redacted business card. *Id.* at 19–31.[1] The motion also references three Complaint exhibits but does not expressly ask that judicial notice be taken of them. *Id.* at 3, 7–8.

Based on these documents, the motion asks that the Court judicially notice what Dr. Farazi calls "true fact[s]": (1) that she "has exhausted administrative remedies as required by Title VII of the Civil Rights Act of 1964," (2) that she has cooperated with state and federal authorities and that "[d]espite this the Defendant targeted her for retaliation to silence her," (3) that she is pursuing this case at the recommendation of the Washington Attorney General, and (4) that she "has satisfied all elements of the McDonnell Douglas burden-shifting framework . . . for establishing disparate treatment and retaliation." *Id.* at 3–10.

Dr. Farazi frames her motion with extraneous statements—including what Dr. Farazi perceives as the ethnicity of Home Depot's counsel, *id.* at 4, that posting documents on her door "endanger[s] the Plaintiff's life," *id.* at 6, that she is receiving "guidance from "Honorable Judges and many JD holders," *id.*, that she must "report" defense counsel to the bar, *id.* at 7, that she is the U.S. government, *id.* at 10, and that other motions should be granted, *id.* at 16.

### III. <u>ARGUMENT</u>

"The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The party requesting judicial notice must supply the Court with necessary information. Fed. R. Evid. 201(c)(2). Only adjudicative facts, and not legislative facts, are subject to judicial notice under Rule 201. *See* Fed. R. Evid. 201(a). An adjudicative fact concerns the immediate parties. *Banks v. Schweiker*, 654 F.2d 637, 640 n.3 (9th Cir. 1981). A legislative fact

---

[1] The motion also references a fifth exhibit but does not attach it. Dkt. 17 at 6.

HOME DEPOT'S RESPONSE TO
MOTION/REQUEST FOR JUDICIAL NOTICE - 2
NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

has "relevance to legal reasoning and the lawmaking process." Fed. R. Evid. 201, advisory committee note. The Court's decisions on judicial notice are conferred to its discretion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Under this standard, the Court should: (A) deny judicial notice to documents the motion addresses, and (B) deny judicial notice to every "true fact[]" the motion urges.

**A.      The Court Should Deny Judicial Notice to Documents the Motion Addresses.**

The Court should deny judicial notice to the exhibits attached to the motion—(1) a U.S. Department of Justice webpage; (2) a Ninth Circuit jury instruction; (3) a copy of the Court's docket for this case, together with a portion of a notice of electronic filing; and (4) a redacted business card—and to the extent requested, the Court should also deny judicial notice to exhibits attached to the Complaint—(5) a letter from the U.S. Equal Employment Opportunity Commission, (6) an email apparently to Dr. Farazi from an fbi.gov email address, and (7) email correspondence between Dr. Farazi and a atg.wa.gov email address.

First, Dr. Farazi requests judicial notice of a U.S. Department of Justice webpage purporting to describe a part of the Immigration and Nationality Act. The contents of the website are legislative facts, not adjudicative ones, and therefore not subject to judicial notice. *Clark v. Wells Fargo Bank*, No. 6:20-CV-00253-AA, 2021 WL 1232785, at *8 (D. Or. Mar. 31, 2021) (denying judicial notice to a U.S. Department of Justice webpage "discuss[ing] the scope of" a statute).

Second, Dr. Farazi requests judicial notice of a Ninth Circuit jury instruction. The jury instruction is similarly a legislative fact and not an adjudicative one. Judicial notice of it should be denied for the same reason. *See id; see also Bernstein v. Kemper Indep. Ins. Co.*, 670 F. Supp. 3d 1018, 1029 (E.D. Cal. 2023) ("Even if jury instructions were the law, that would not make them the appropriate subject of judicial notice.")

Third, Dr. Farazi requests judicial notice of the Court's docket. While the Court may take judicial notice of its own docket, it need not do so. *Samson Tug & Barge, Co., Inc. v. Int'l Longshore & Warehouse Union*, No. 3:20-CV-00108-TMB, 2021 WL 1081139, at *2 (D. Alaska

HOME DEPOT'S RESPONSE TO
MOTION/REQUEST FOR JUDICIAL NOTICE - 3
NO. 2:26-CV-00586-RAJ

Feb. 12, 2021). It should not do so here because Dr. Farazi does not connect the docket to any relevant issue. About the docket, she says only that she is "disclosing" it, Dkt. 17 at 6, and this fails to establish relevance. Judicial notice should be denied on this basis. *See Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (denying judicial notice to irrelevant matters in a court's docket).

Fourth, Dr. Farazi seeks judicial notice of a redacted business card. The contents of the card are not "generally known" in western Washington. *See* Fed. R. Evid. 201(b)(1). Nor is the card an accurate source of information. *See* Fed. R. Evid. 201(b)(2). Even if the card were not redacted, and even if it were published in a phone book, it would not be judicially noticeable for anything beyond the fact of publication. *See United States v. Simon*, 842 F.2d 552, 555 (1st Cir. 1988) ("Even if he had offered the actual phone book and not just the numbers, he could, at most, only have required the court to take notice of the fact that the university's phone number and address were listed, not that the university existed.").

Fifth, Dr. Farazi may be seeking judicial notice of a letter from the EEOC. EEOC letters are susceptible to judicial notice, *Coleman v. Boeing Co.*, No. C13-1788RSL, 2014 WL 266333, at *1 n.1 (W.D. Wash. Jan. 23, 2014), but the letter is not "conclusive" of administrative exhaustion, as Dr. Farazi contends. Dkt. 17 at 3. The letter does not show what Dr. Farazi told the EEOC and so it cannot show whether the allegations in the complaint are "reasonably related to the allegations of the EEOC charge." *Brown v. Cont'l Can Co.*, 765 F.2d 810, 813 (9th Cir. 1985).

Sixth, the email to Dr. Farazi's from a fbi.gov email address is not subject to judicial notice. "The contents of such emails do not fit within the standard of Rule 201, as the Court has no basis to conclude that the accuracy of such contents cannot reasonably be questioned." *Bonner County v. Little*, No. 1:20-CV-00350-REB, 2020 WL 8225362, at *5 (D. Idaho Dec. 9, 2020). This is true even though the originating email address ends in .gov. *See id.* (denying judicial notice of an email from an @treasury.gov email address).

Seventh, the email correspondence between Dr. Farazi's and a person with an atg.wa.gov email address is not subject to judicial notice for the same reason—an email, even from a

HOME DEPOT'S RESPONSE TO
MOTION/REQUEST FOR JUDICIAL NOTICE - 4
NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

government email account, does not place the contents beyond reasonable question. *See id.; see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (The DEA is an "administrative body," but that does not mean that all evidence related to this case—such as the handwriting on an envelope mailed to the DEA—fits within the judicial notice exception."). These emails suffer the additional defect that they have been annotated and redacted.

**B.    The Court Should Deny Judicial Notice of the So-Called "True Fact[s]."**

Dr. Farazi requests judicial notice of four groups of allegations and legal conclusions she calls "true fact[s]." The Court should deny judicial notice of these matters in denying judicial notice of the documents on which Dr. Farazi contends they are based. The Court should also deny judicial notice on the independent basis that each of the items requires making inferences to reach legal conclusions apparently at the core of Dr. Farazi's claims. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001–02 (9th Cir. 2018) (declining to "draw inferences from . . . data" to take judicial notice); *see also Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985) ("The more critical an issue is to the ultimate disposition of the case, the less appropriate judicial notice becomes."); *cf. United States v. Laughlin*, No. 2:12-CV-1990 MCE GGH, 2013 WL 5530343, at *3 (E.D. Cal. Oct. 4, 2013) (denying a pro se party's "demand that the court take judicial notice that defendants are Private Americans, also, called Natural Born Sovereign Citizens, nationals and not U.S. citizens and who, do not live inside the federal zone of the U.S." (quotations omitted)).

First, Dr. Farazi seeks judicial notice that she has exhausted administrative remedies by receiving an EEOC right to sue letter. Dkt. 17 at 3. As explained above, the letter is not conclusive of exhaustion since it is not clear from the letter what allegations Dr. Farazi presented to the EEOC. It should go without saying that the commentary Dr. Farazi places below this heading, including about defense counsel's ethnicity, is not subject to judicial notice, and indeed, has no appropriate place in any court filing.

Second, Dr. Farazi seeks judicial notice that she "fully cooperated with both [s]tate and [f]ederal authorities" and was "targeted for retaliation to silence her" despite her cooperation with authorities. This claim is not subject to judicial notice because it is not "generally known" in

HOME DEPOT'S RESPONSE TO
MOTION/REQUEST FOR JUDICIAL NOTICE - 5
NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

western Washington and cannot "be accurately and readily determined" from accurate sources. Fed. R. Evid. 201(b). Rather, it is a contention apparently core to Dr. Farazi's claims, and for this reason not judicially noticeable. *See Pina*, 752 F.2d at 50. For similar reasons, the various contentions below this heading—including about a claimed "pattern of sexual misconduct, hate crimes, harassment, discrimination, and non-stop retaliations," Dkt. 17 at 8—are also not subject to judicial notice.

Third, Dr. Farazi seeks judicial notice that she alerted the Washington Attorney General of her case, and that the Attorney General made determinations and recommendations in her favor. Even if the documents Dr. Farazi cites for this were judicially noticeable, their content does not support Dr. Farazi's contentions. The emails merely reflect that state officials politely offered to speak with Dr. Farazi, without indicating a substantive response to anything Dr. Farazi said, much of which is not contained in the document excerpts Dr. Farazi exhibited. *See* Dkt. 1 at 19, 21.

Fourth, Dr. Farazi seeks judicial notice that she has "satisfied all elements" of one of her claims. But this cannot be. Judicial notice should not be used to determine core facts, let alone legal conclusions. *See Pina*, 752 F.3d at 50. In any event, Dr. Farazi provides no source beyond "reasonabl[e] question[]" for the allegations on which this request for judicial notice depends. Fed. R. Evid. 201(b)(2). There is no reliable source for Dr. Farazi's contention to be Iranian-American, no source for her contention to be "qualified for her position," and no source for her contention to have been "subjected to hard work" and treated "like a slave." Dkt. 17 at 11–12. Indeed, none of the four pages of contentions about the framework set out in *McDonnell Douglas v. Corp. v. Green,* 411 U.S. 792 (1973), are supported by any source with reliability beyond reasonable question. These private matters are also not "generally known" in western Washington. Fed. R. Evid 201(b)(2). None of this is beyond "reasonable dispute." Fed. R. Evid. 201(b). Judicial notice is inappropriate.

## IV.  <u>CONCLUSION</u>

Dr. Farazi seeks judicial notice of numerous irrelevant documents, ad hominin statements about opposing counsel, and conclusions about her claims. None of this is in the ballpark of what

HOME DEPOT'S RESPONSE TO
MOTION/REQUEST FOR JUDICIAL NOTICE - 6
NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Rule 201 allows. Nor is it appropriate to use a request for judicial notice to end-run Home Depot's motion to stay Dr. Farazi's premature summary judgment motion. *See* Dkt. 15. The motion should be denied.

DATED:  April 6, 2026

BALLARD SPAHR LLP

By: *s/ Devon McCurdy*
Priya B. Vivian, WSBA No. 51802
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.223.7000
E-Mail: vivianp@ballardspahr.com

A.C. Estacio-Heilich, *admitted pro hac vice*
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
E-Mail: estacioheilicha@ballardspahr.com

Attorneys for Home Depot

I certify that this memorandum contains 2138 words, in compliance with the local Civil Rules.

HOME DEPOT'S RESPONSE TO
MOTION/REQUEST FOR JUDICIAL NOTICE - 7
NO. 2:26-CV-00586-RAJ

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107