THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON FARAZI,<br><br>                     Plaintiff,<br><br>     v.<br><br>HOME DEPOT U.S.A., INC. ("HOME DEPOT") et al.,<br><br>                     Defendant. | Case No. 2:26-CV-00586-RAJ<br><br>**HOME DEPOT'S RESPONSE TO MOTION FOR SANCTIONS**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.  <u>INTRODUCTION</u>

Pro se plaintiff Shannon Farazi seeks sanctions against opposing counsel, their "entire" law firm, a director of the firm, and the firm's president. Dkt. 19 at 1. Dr. Farazi has moved for sanctions in other cases, against other lawyers. Her motions have never succeeded. This one should fail because it is legally and factually baseless.

## II.  <u>BACKGROUND</u>

Dr. Farazi is proceeding pro se, as she has in other cases. She apparently moves for sanctions against her opponents as a matter of routine. *See* Mot. Sanction Opposing Counsel, *Shilmover v. Farazi*, No. 871251 (Wash. Ct. App. Sept. 23, 2024); Mot. Sanction Opposing Counsel, *Farazi v. Oracle of Am., Inc.*, Dkt. 20, No. 2:24-cv-01133-GLJ (Sept. 16, 2024); Mot. Sanction Opposing Party's Discovery Requests, *Farazi v. Oracle of Am., Inc.*, Dkt. 29, No. 2:24-

HOME DEPOT'S RESPONSE TO MOTION FOR
SANCTIONS - 1
NO. 2:26-CV-00586-RAJ

cv-01133-GJL (Oct. 21, 2024); Mot. Sanction Opposing Counsels, Farazi v. Oracle of Am., Inc. Dkt. 21.1, No. 24-7239 (9th Cir. Apr. 7, 2025). None of these motions have succeeded.[1]

The present motion seeks sanctions against the two counsel who appeared in the case to the point Dr. Farazi filed her motion, counsel's "entire" law firm, a director of the firm, and the firm's president. Dkt. 19 at 2. After the undersigned appeared, Dr. Farazi subsequently "note[d] the addition of yet another lawyer-partner . . . to be added" to her motion. Dkt. 22 at 14.

The motion contends that Home Depot's counsel violated various duties by "filing frivolous or baseless response . . . or engaging in other conduct that is prejudicial to the administration of justice." Dkt. 19 at 2. It also contends that counsel failed to notify Dr. Farazi of their appearance, emailed her, and issued an "or else threat." *Id.* The motion contends counsel lied to the Court. *Id.* at 3; *see also id.* at 2. All of this was allegedly "designed to harass, intimidate or needless increase the cost and harm . . . of litigation" that Dr. Farazi commenced. *Id.* at 3. The motion refers to Federal Rules of Civil Procedure 5, 6, 11, 12, 15, 26, 37, and 54, as well as a Rule of Professional Conduct, and a number of criminal statutes. *Id.* at 2–3.

Counsel's account of their dealings with Dr. Farazi was previously set out in a declaration. Dkt. 16. No discovery has yet been served or conducted in this matter. Dkt. 21 ¶ 2.

### III.  <u>ARGUMENT</u>

Sanctions decisions are within the Court's discretion but may not be based an erroneous view of the law. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). In issuing a sanction order, the Court must "clearly delineate under which authority it acts to insure that the attendant requirements are met." *Id.* at 1200; *see also Kaas Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1295 (9th Cir. 2015) ("[T]he conduct in question must in fact be sanctionable under the authority relied upon." (quotations omitted)). Before either sanctions or lawyer discipline are entered, the Court must provide "notice and an opportunity to be heard." *Weissman*, 179 F.3d at 1198. Under this standard, sanctions or lawyer discipline would be an abuse of discretion because:

---

[1] The motions have been denied as moot in dismissing the baseless proceedings Dr. Farazi brings. The Ninth Circuit appeal is still pending as is the sanctions motion Dr. Farazi filed there.

HOME DEPOT'S RESPONSE TO MOTION FOR SANCTIONS - 2
NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

(A) counsel have not been afforded notice of the grounds on which sanctions or discipline might be imposed, and (B) none of the authority referenced in Dr. Farazi's motion justifies sanctions or discipline.

**A.      Sanctions Would Offend Due Process.**

Notice requires that the Court "sufficiently express the basis for the sanctions imposed" and make "specific findings" supporting them. *Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995). Dr. Farazi's motion fails to give the notice requisite to provide Home Depot's counsel with an understanding of what they are charged with doing and a meaningful opportunity to respond. It is unclear from the motion which of Home Depot's filings are alleged "frivolous or baseless," which rules counsel have allegedly failed to comply with, or what lies they are supposed to have told. Dkt. 19 at 2–3. This is doubly so for the lawyers at counsel's firm who never appeared in the case or appeared only after Dr. Farazi filed her motion. Dr. Farazi's series of disconnected sentences falls short of any standard for notice in a civil or criminal context. Indeed, it falls short of the standard for professional communication that this Court has articulated for stating discovery objections. *Weidenhamer v. Expedia, Inc.*, 2015 WL 1292978, at \*7–\*8 (W.D. Wash. Mar. 23, 2015).

A sanction order predicated on Dr. Farazi's motion would offend due process. Accordingly, if the Court contemplates entering sanctions or issuing discipline, counsel respectfully request that the Court re-state the matters on which it is considering a ruling against counsel and provide counsel an opportunity to respond.

**B.      No Authority Cited in the Motion Supports Sanctions or Discipline.**

Although the factual bases for Dr. Farazi's motion are hazy, the motion cites several legal rules. Neither sanctions nor discipline are unwarranted under any of the cited: (1) Federal Rules of Civil Procedure, (2) Rule of Professional Conduct 1.4, (3) or statutes.

1.        The Federal Rules of Civil Procedure Do Not Support the Motion.

The motion cites Federal Rules of Civil Procedure 5, 6, 11, 12, 15, 26, 37, and 54. None of these support sanctions or discipline.

HOME DEPOT'S RESPONSE TO MOTION FOR
SANCTIONS - 3
NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

To begin, nothing in Rules 5, 6, 12, 15, or 54 provides for sanctions. There is no basis for a ruling under these rules. That leaves Rules 11, 26, and 37.

Under Rule 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The motion must be served but not filed until 21 days after service. *Id.* This so-called "safe-harbor" procedure is "mandatory." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). Dr. Farazi did not follow the safe-harbor procedure, and because she was the one to initiate the sanctions motion, the Court lacks the authority to act sua sponte on whatever issues it raises under Rule 11. *Id.* Any Rule 11 sanction would be reversible on this procedural defect alone. *Id.* It also goes without saying that the motion fails to "describe the specific conduct" at issue, let alone explain the shortcomings in that conduct.

Rule 26 provides for a sanction for improper certification of discovery requests and responses. Fed. R. Civ. P. 26(g)(3). But no initial scheduling order has been entered, no Rule 26(f) conference has been held, no initial disclosures are due, and no discovery responses have been served or answered. Dkt. 21 ¶ 2. The Rule is inapposite to these circumstances.

For the same reason, Rule 37 is largely inapposite. The case has not yet reached the stage of discovery or disclosure. Accordingly, there can be no motion related to any of the discovery rules. *See* Fed. R. Civ. P. 37(a)(3) (specifying motions permissible under Rule 37). The only conceivable relevance of Rule 37 to this motion is that Dr. Farazi has invoked the rule. If a motion under Rule 37 "is denied" the Court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The motion is unjustified for the reasons stated in this paragraph, and in light of Dr. Farazi's habit of filing sanctions motions, no circumstances counsel against a Rule 37(a)(5)(B) fees award for the modest time it has taken to address this aspect of Dr. Farazi's motion.

2.      <u>Rule of Professional Conduct 1.4 Does Not Support the Motion.</u>

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Rule of Professional Conduct 1.4 requires counsel to inform the client of certain matters related to the engagement and the lawyer's malpractice insurance coverage. Dr. Farazi is adverse to Home Depot and not represented by the counsel against whom she lobs this allegation. She provides no explanation for why she believes counsel is falling short of its Rule 1.4 obligations to Home Depot or any other client.

      3.      <u>The Statutes Do Not Support the Motion.</u>

The motion cites various criminal statutes, as well as 28 U.S.C. § 1746, which ascribes criminal consequences to an unsworn declaration. "The Executive Branch has exclusive authority and absolute discretion to decide which crimes to investigate and prosecute . . . ." *Trump v. United States*, 603 U.S. 593, 597 (2024) (quotations omitted). Dr. Farazi's invocation of criminal statutes is therefore of no moment.

It is true that the Court has certain powers to prosecute criminal contempt. *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 800 (1987). But this power is subject to significant restraints, especially when the conduct giving rise to contempt proceedings happens out of court. *Id.* at 798. The parties have never been in Court on this matter, and counsel would accordingly be entitled to:

> the right to be advised of the charges, the right to a disinterested prosecutor, the right to assistance of counsel, a presumption of innocence, proof beyond a reasonable doubt, the privilege against self-incrimination, the right to cross-examine witnesses, the opportunity to present a defense and call witnesses, and the right to a jury trial if the fine or sentence imposed will be serious.

*F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1139 (9th Cir. 2001) (citations omitted). Counsel respectfully insist on these rights in the event that they are criminally prosecuted. The first of these rights, is of course, the right to know what is charged. As explained above, counsel have no idea.

*    *    *    *

Dr. Farazi states no other basis for sanctions. It is her onus to articulate the basis on which she seeks sanctions. *See Kaas Law*, 799 F.3d at 1295 (declining to consider affirmance on an alternative basis not requested by the movant in district court). The motion should not be granted

HOME DEPOT'S RESPONSE TO MOTION FOR
SANCTIONS - 5
NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

on an alternative basis, not least because counsel are entitled to an opportunity to address complex issues of subjective intent and imputed conduct certain alternative bases would implicate.

## IV.  CONCLUSION

Other courts in which Dr. Farazi has sought sanctions disposed of her motions by dismissing the proceeding and determining her requests for sanctions moot. The Court should dismiss this case. *See* Dkt. 14. But in doing so, it should also deny the sanctions motion. Dr. Farazi needs to be told that sanctions motions such as the ones she habitually files are not an appropriate litigation tactic.

DATED:  April 10, 2026

BALLARD SPAHR LLP


By: *s/ Devon McCurdy*
    Priya B. Vivian, WSBA No. 51802
    Devon McCurdy, WSBA No. 52663
    1301 Second Avenue, Suite 2800
    Seattle, Washington 98101
    Telephone: 206.223.7000
    E-Mail: vivianp@ballardspahr.com
           mccurdyd@ballardspahr.com

    A.C. Estacio-Heilich, *admitted pro hac vice*
    601 S.W. Second Avenue, Suite 2100
    Portland, Oregon 97204
    Telephone: 503.778.2100
    E-Mail: estacioheilicha@ballardspahr.com

Attorneys for Home Depot


I certify that this memorandum contains 1798 words, in compliance with the local Civil Rules.

HOME DEPOT'S RESPONSE TO MOTION FOR
SANCTIONS - 6
NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107