THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON FARAZI,

                        Plaintiff,

        v.

HOME DEPOT U.S.A., INC. ("HOME DEPOT") et al.,

                        Defendant.

Case No. 2:26-CV-00586-RAJ

**DEFENDANT'S REPLY SUPPORTING MOTION TO STAY DEADLINE TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR ORDER OF RELIEF**

NOTED ON MOTION CALENDAR:
April 16, 2026

## I.  INTRODUCTION

Pro se plaintiff Shannon Farazi served together with the Complaint a Motion for Summary Judgment and a Motion for an Order for Relief. Dkt. 4; Dkt. 5. Defendant Home Depot U.S.A, Inc. moved to stay both motions under Rule 56(d) and the Court's inherent docket-management powers. Home Depot's motion should be granted on the merits and because Dr. Farazi failed to oppose.

## II.  ARGUMENT

The Court should exercise its discretion to stay Dr. Farazi's Motion for Summary and Motion for an Order of Relief for two reasons.

First, Home Depot has not had the opportunity to conduct *any* discovery. The court stayed entry of an initial scheduling order, so the parties have not held a Rule 26(f) conference, and no discovery can be conducted. *See* Dkt. 12-1; *see also* Fed. R. Civ. P. 26(b)(2). Under these circumstances, "district courts should grant any Rule 56[d] motion fairly freely." *Burlington N.*

DEFENDANT'S REPLY SUPPORTING MOTION TO
STAY DEADLINE TO RESPOND TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND MOTION
FOR ORDER OF RELIEF - 1
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

*Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (referring to Rule 56(f) before its re-numbering as Rule 56(d)). Indeed, a stay is "requir[ed] . . . where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).

When "no discovery whatsoever has taken place," the party seeking a stay "cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 774. Nonetheless, to the extent a declaration is required under Rule 56(d), Home Depot submits a declaration of counsel setting out the reasons a Rule 56(d) stay is warranted.

No such declaration is required to invoke the Court's inherent power to control its docket. *See, e.g.,*, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (denying mandamus to review a case stayed in light of other proceedings); *Sunkett v. Boerum*, No. 1:21-cv-01137-HBK (PC), 2024 WL 4268092, at *1 (E.D. Cal. Sept. 23, 2024) (sua sponte staying defendant's motion for summary judgment in light of defendant's motion to dismiss). Inherent power to manage its docket provides the Court a separate and independent merits basis on which to grant Home Depot's motion.

Second, Dr. Farazi did not oppose the stay by her deadline to do so. Home Depot filed its motion on March 18, 2026, noting it under Local Civil Rule 26(d)(2) for consideration on April 1, 2026. Dkt. 15. Home Depot referenced Dr. Farazi's non-opposition in a reply. Dkt. 20. Dr. Farazi, however, had stated in a brief that she was not served with the motion by hand delivery. Dkt. 17 at 6. Home Depot accordingly withdrew its reply brief and re-noted the motion to stay. Dkt. 23; Dkt. 24.

The motion was re-noted for April 16, 2026, making Dr. Farazi's opposition due under the rules on April 13, 2026. LCR 7(d)(2). This deadline is extended by three days because Dr. Farazi was served by mail. *See* Fed. R. Civ. P. 6(d); *see also* LCR 7(d)(7). Dr. Farazi *still* failed to oppose the motion. The motion should therefore be granted under Local Civil Rule 7(b)(2), which provides, "Except for motions for summary judgment, if a party fails to file papers in opposition

DEFENDANT'S REPLY SUPPORTING MOTION TO
STAY DEADLINE TO RESPOND TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND MOTION
FOR ORDER OF RELIEF - 2
CASE NO. 2:26-CV-00586-RAJ

to a motion, such failure may be considered by the court as an admission that the motion has merit." Pro se litigants are frequently held to Local Civil Rule 7(b)(2). *See Stiles v. Food Lifeline*, No. 2:20-CV-01853-RAJ, 2021 WL 5113378, at *2 (W.D. Wash. Nov. 3, 2021) (pro se plaintiff's failure to oppose defendant's motion deemed admission of merit); *Congdon v. Wells Fargo Bank, N.A.*, No. C18-394 RAJ, 2018 WL 3533337, at *2–3 (W.D. Wash. July 23, 2018) (same); *McGeough v. Nationstar Mortg. LLC*, No. 2:16-CV-01606-RAJ, 2017 WL 2226237, at *2 (W.D. Wash. May 22, 2017) (same); *Collins v. Quintana*, No. C15-1619RAJ, 2016 WL 337262, at *2 (W.D. Wash. Jan. 28, 2016) (same where opposition was untimely and nonresponsive).

## III.  CONCLUSION

Home Depot respectfully requests that the Court stay the deadlines for Home Depot to respond to Dr. Farazi's two motions served with the complaint.

DATED:  April 16, 2026

BALLARD SPAHR LLP

By: _s/ Devon McCurdy_
Priya B. Vivian, WSBA No. 51802
Devon McCurdy, WSBA No. 52663
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.223.7000
E-Mail: vivianp@ballardspahr.com
mccurdyd@ballardspahr.com

A.C. Estacio-Heilich, *admitted pro hac vice*
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
E-Mail: estacioheilicha@ballardspahr.com

Attorneys for Home Depot

I certify that this memorandum contains 686 words, in compliance with the local Civil Rules.

DEFENDANT'S REPLY SUPPORTING MOTION TO
STAY DEADLINE TO RESPOND TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND MOTION
FOR ORDER OF RELIEF - 3
CASE NO. 2:26-CV-00586-RAJ