_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

APR 2 1 2026  LS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON <sup>BY</sup>
## AT SEATTLE

| | |
|---|---|
| **Shannon Farazi**<br>Plaintiff<br><br>v.<br><br>**HOME DEPOT U.S.A., INC.**<br>**("Home Depot")**<br>6200 E Lake Sammamish PKWY SE,<br>Issaquah, WA 98029<br>Defendant, | **Case No.: 2:26-cv-00586-RAJ**<br><br>**Notice of Supplemental Authority (Ninth Circuit, Supreme Court, FRCP, and Local practice, among others) – "Exceptional / rare circumstances" standards**<br><br>**Title VII of Civil Rights Act of 1964 and Retaliation, among others**<br><br>A) The Defendant **knew** and so did the collective opposing counsels **both** in-house and Ballard Spahr law firm.<br><br>B) The Defendant's submissions **misled the Courtroom Deputy, among others under Rule 1.16**, and ABA models of ethical requirements for discovery and responses – repeated obstruction, evasion, etc due to **burden-shifting framework.**<br><br>C) The Defendant and the collective opposing counsels are in violation of **mandatory** OSHA, **Title VII** accommodation, Duty of Care, General Duty Clause for a public business, **Crime-fraud exception** for an attorney, Severe **retaliation**, among many others.<br><br>D) **Violation of Controlling Ninth Circuit law and precedents in a mandatory federal question** by "opposing" parties et. al. (Please See Supplemental attachments).<br><br>**Standard Schedule** for reply from date of filing<br><br>FILED DATE: 04/21/26 |

**Requesting a hearing due to fraud upon the Court by the opposing parties et. al..**

**NOTICE OF SUPPLEMENTAL AUTHORITY**

**(NINTH CIRCUIT, SUPREME COURT, FRCP & LOCAL RULES)**

## I. INTRODUCTION

Plaintiff Shannon Farazi, Pro Se, submits this **Notice of Supplemental Authority** in support of her claims for retaliation, discrimination, and hostile work environment, among others. **The record establishes** that Defendant had actual, widespread knowledge of Plaintiff's protected activities, including reports of illegal and unethical conduct, involvement of law enforcement, and submission of medical documentation for lawful accommodation. Despite this knowledge, Defendant subjected Plaintiff to illegal escalating harassment and adverse employment actions, with intent of "**not to get regulated**" under federally mandated reporting requirements, including those promulgated by the Occupational Safety and Health Administration ("OSHA"), and its obligations for annual disclosures as a publicly traded company.

**Under Title VII** of the Civil Rights Act of **1964**, the Americans with Disabilities Act ("ADA"), Age 40+ is ADEA (Age Discrimination in Employment Act), marital status, **applicable anti-retaliation provisions**, and other Washington State law (RCW 49.60), including the "Silenced No More" Act, this case presents **compelling evidence** of unlawful retaliation, discrimination, and a hostile work environment where Defendant had actual and pervasive knowledge of Plaintiff's protected activities, yet permitted and facilitated adverse actions culminating in her wrongful termination.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff reported internal ethical violations and unlawful conduct occurring within Defendant's workplace. As conditions worsened, Plaintiff took the following actions:

1. Contacted law enforcement, resulting in **police presence** at the workplace – crime scene;
2. Provided a **medical doctor's note** documenting her condition and need for workplace consideration/accomodation;
3. Submitted **internal complaints** regarding unethical, unsafe, and potentially illegal misconducts by the certain supervisors including, but not limited to their corresponding Human Resources (HR) representatives.

These actions were **widely known** among management and staff. The involvement of law enforcement and formal documentation **ensured that Plaintiff's protected activities were neither** concealed nor ambiguous.

Unlike cases where causation fails for lack of employer knowledge, the present record demonstrates that Defendant had actual and widespread knowledge of Plaintiff's protected activities and medical condition, and nonetheless **engaged in coordinated** adverse actions culminating in Plaintiff's wrongful termination.

Following these events, Plaintiff experienced **a marked shift** in treatment, including hostility, harassment, exclusion, and increased scrutiny. This conduct escalated into a sustained hostile work environment and ultimately resulted in Plaintiff's wrongful termination.

**III. APPLICABLE LEGAL STANDARDS**

**A. Title VII Discrimination and Retaliation**

Under Title VII, it is unlawful for an employer to discriminate against an employee or retaliate against her for engaging in protected activity.

To establish retaliation, Plaintiff must show:

1. Protected activity; — March (Internal) and filed on **4/22/25** (WHRC) reports.

2. Adverse employment action; and — No appropriate accommodations, but a hostile environment ("**forced**" hard labor).

3. Causation. — Wrongful termination on **5/27/25 in an unlawful** manner.

Please See *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

**B. Americans with Disabilities Act (ADA)**

The ADA prohibits discrimination based **on disability and requires reasonable accommodation**. It also **prohibits retaliation** for asserting ADA rights.

Please See *42 U.S.C. § 12112.*

The ADA prohibits discrimination and retaliation against individuals with disabilities and **requires an interactive process**.

Please See *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113 (9th Cir. 2000) (en banc), rev'd on other grounds.

The en banc Court emphasized a **burden-shifting framework** for reasonable accommodation:

- The employee must show:
  - They have a disability, and – previous knowledge of the incident and a medical note were documented.
  - A requested accommodation is **"reasonable on its face"** (i.e., ordinarily feasible) – no worker comp report was made, accommodation was given **after** a third party involvement, and **knowingly was not** extended.
- Then **the burden shifts to the employer** to show:
  - The accommodation would impose an **undue hardship,** or
  - There are **legitimate reasons** it's not required in that situation.

In this case, there was **no legitimate reason** or lawful reasons **and** no undue hardship would have been imposed on Defendant because not long ago was provided to male workers.

*Controlling Ninth Circuit law:*

- Please See *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066–67 (9th Cir. 2003) (causation may be inferred from circumstantial evidence, including temporal proximity).

  **Causation can be inferred from timing plus surrounding facts—you don't need direct** evidence. Stegall reinforces that retaliation claims often rely on **inference**, not explicit admissions. At the summary judgment stage, **relatively modest evidence can be enough** to let a case go to a jury or judge if it supports a reasonable inference of causation.

- Please See *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

Was retaliation the **reason this actually happened? Yes, without a doubt** (mountain of evidence provided):

**1) The timing:** Very close timing (days/weeks) → strong inference

**Reality–anchor**: A formal complaint about a mandatory safety ensued, then immediately an escalation of hostile environment followed. Not that they didn't know what the lawful course of action is, but Defendant went out of the way to not obey the law <u>with aid and abet of the in-house (inaction)</u> **and** Ballard Spahr law firm's (submissions) <u>willful blind-eye</u> **legal advice**.

**2) The employer's reason is pretext: Any employer's explanation is <u>not credible</u> because OSHA compliance is mandatory** and so is providing accommodation according to the Supreme Court, yet retaliation was the real (and decisive) reason and it can be easily inferred by the provided evidence **already on the record**.

**3) Comparators to isolate retaliation:** similarly situated employees who **did not complain** were treated better:

- Same supervisor – the same supervisor with priors
- Similar conduct – male workers with injury received light duty and work comp reports
- Different outcome – accommodation for males, retaliation for Plaintiff

The **complaint—not the conduct—drove the decision** as a matter of law.

**4) A "pattern of antagonism": A before-and-after shift**:

- Positive performance → sudden criticism after complaint

- Increased scrutiny or discipline

- Exclusion from meetings, projects, or opportunities

This pattern supports the inference that retaliation **set the chain in motion**.

**5) Leverage decision-maker evidence:** The protected activity was connected to the **actual decision-maker**:

- Emails, messages, notes are provided to the Court.

- Knowledge of the complaint was public and widely known due to the presence of the Police visit.

- Suspicious comments ("we solve problems ourselves", among others mentioned in Claim of Action that were **not in accordance with binding laws**).

**6) Cat's paw theory:** Even if the final decision-maker appears neutral:

- A biased supervisor **influenced or fed information** into the decision.

- If that influence was decisive, causation still holds.

- Counsels of record, who are licensed attorneys and **have not withdrawn from representation**, appear to be advocating positions that are <u>inconsistent</u> **with binding Ninth Circuit precedent <u>and</u> applicable law**.

Please See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Sheppard v. David Evans & Assocs., 694 F.3d 1045, 1049 (9th Cir. 2012).

**7) Counterfactual (this is the core of but-for):**

"Everything was fine until the complaint. After that, the employer's behavior changed, their explanation didn't hold up, and others weren't treated this way. Remove the complaint—and this action doesn't happen."

## C. Hostile Work Environment

A hostile work environment exists where conduct is sufficiently severe or pervasive to alter the conditions of employment.

Please See *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993).

## Causation and Temporal Proximity

**The Ninth Circuit permits** inference of causation where adverse action closely follows protected activity.

Please See *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000) (strong circumstantial evidence may establish retaliation).

Please See *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109 (9th Cir. 2000).

## D. "Cat's Paw" Liability

An employer is liable where **a biased subordinate influences** the ultimate decisionmaker.

Please See *Staub v. Proctor Hospital*, 562 U.S. 411 (2011).

**The Supreme Court reversed** the decision made by the Seventh Circuit in a **unanimous 8-0 vote in March 2011**. In the Court's opinion, written by **Hon. Justice Antonin Scalia**, the Court opined that "since a supervisor is an agent of the employer, when he causes an adverse employment action the employer causes it; and when discrimination is a motivating factor in his doing so, it is a 'motivating factor in the employer's action.'" Therefore, if a biased supervisor tries to get an employee fired, and that employee is in fact fired as a result, then the fired employee can sue the employer for employment discrimination, "even if the biased supervisor is not the final decision maker and even if the final decision maker is unbiased."

So a more precise way to put it would be:

- The wrongful termination claim succeeded because biased supervisors influenced the decision.
- The employer couldn't escape liability just by having an unbiased final decision-maker.
- The key legal issue was causation of discrimination.

When concerns were formally raised regarding OSHA compliance – a supervisor-driven culture of favoritism and intimidation, the failure to properly report workers' compensation claims and provide reasonable accommodations, and the need for an impartial (non-retaliatory) investigation – the response was wrongful termination supported by false and legally improper allegations.

**E. Washington Silenced No More Act**

Washington law prohibits employers from retaliating against employees who disclose or oppose discrimination, harassment, or illegal conduct, and **protects employees' rights to speak about such conduct** – "similar job, similar performance, similar supervisor, similar conduct".

Courts often cite this principle in cases like:

Plaintiff alleges comparator evidence showing that a similarly situated male employee was provided light duty assignments while Plaintiff was subjected to more physically demanding work and adverse working conditions. This differential treatment, when viewed in conjunction with Plaintiff's protected activity and employer knowledge, supports an inference of discriminatory intent and pretext **under Ninth Circuit precedent**.

Plaintiff alleges that employees of certain ethnic or national origin backgrounds were treated more favorably in work assignments, including lighter duty or more favorable conditions, while Plaintiff, an Iranian-American, was subjected to harsher work assignments and hostile treatment under similar circumstances. This differential treatment supports an inference of sex-based and race-based disparate treatment and **pretext under Title VII**, particularly when viewed alongside Plaintiff's protected activity and employer knowledge. The severity and persistence of this conduct **meet the legal threshold** for a hostile work environment.

These actions were not isolated nor confidential but became widely known among supervisory personnel and coworkers. After these disclosures, Plaintiff was subjected to retaliatory conduct, including workplace isolation, efforts to silence further reporting, and disciplinary actions presented as confidential proceedings but used in practice **to suppress** Plaintiff's protected

activity. **These facts establish more than mere speculation**—they demonstrate a direct and inferential link between Plaintiff's protected and mandatory conduct and Defendant's actions.

Even if Defendant contends that the final decisionmaker acted independently, <u>**liability remains**</u> under the "cat's paw" doctrine. **Individuals within the organization who harbored retaliatory animus influenced or participated in the decision-making process.**

Given the widespread knowledge of Plaintiff's activities, it is reasonable to infer that biased actors played **a material role** in the termination decision. Supervisors and employees with knowledge of Plaintiff's protected activities **engaged in** retaliatory conduct and influenced the decision-making process. **Their bias and actions were a proximate cause** of Plaintiff's termination.

**F. Procedural or Cosmetic Deficiencies <u>Do Not Justify</u> Dismissal or Sanctions**

Sanctions are reserved for filings that are objectively frivolous, legally unreasonable, or brought for improper purpose.

Please See *Fed. R. Civ. P. 11(b)-(c)*; *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).

<u>**Federal judges**</u> have a deep, underlying authority to manage their own courtrooms, even if no specific rule applies.

- Bad Faith Required: To use this power, the judge usually must find that the party acted in subjective bad faith—meaning **they knew they were doing something wrong and did it anyway.**

- Broad Reach: It can reach conduct that **Rule 11 cannot**, such as bad-faith behavior that doesn't involve a signed filing (like lying during a hearing or **witness tampering**).

- Case-Ending Sanctions: If the conduct is **truly egregious**, the Court can use its inherent power to dismiss the entire case or **enter a default judgment**.

To the extent Defendant relies on formatting, labeling, or local rule compliance issues, **such defects do not justify** dismissal or sanctions where substantive claims are **clear**.

Courts in this Circuit routinely allow amendment or correction rather than dismissal for technical defects, **particularly for pro se litigants.**

Please See *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (leave to amend should be freely given) – emphasizing that, in this case, the criminal court process is comparatively leaner than the civil court process.

**Pro Se Liberal Construction (Controlling Law)**

Courts must liberally construe pleadings filed by pro se litigants and afford them the benefit of any doubt.

Courts must hold pro se to **less stringent** standards than those drafted by counsel, drawing all reasonable inferences in the plaintiff's favor. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987); Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). This liberal construction applies even under modern pleading standards, **ensuring that potentially meritorious claims are not dismissed due to technical deficiencies** that could be

remedied through amendment. This includes construing filings to raise the strongest arguments pro se suggest.

Even if the Court identifies technical or local rule deficiencies, the proper remedy is leave to amend or **"instruction"** to cure defects—**not** dismissal or moot or entertaining any other unjust proposal by Defendant and the collective opposing counsels (**egregious misconduct**).

Defendant and their collective opposing counsels' position is **objectively frivolous and legally incorrect. Their intent is clearly to "evade being regulated".** *Please See* **United States v. Zhao**, No. 2:23-cr-00179-**RAJ** (W.D. Wash. **2024**)) – **(other similar precedents exist)**.

The Courts require:

- causation proof (never presumed)
- knowledge proof (often disputed)
- intent inference (never automatic)

**Employment law** is structurally built on:

inference + internal decision records + comparator evidence

So discovery is always necessary **unless** there is:

- direct admission ("we fired you for reporting us") or **undisputed documentary proof**

In this case, direct admission [Please See Exhibit MFL #1-3: 1) Company's internal unethical and illegal conduct report (**PE29**) 2) Cover sheet filed with Claim of Action(**PE30**) 3) Home Unimprovement – A blueprint for failure (**PE31**)] **and** undisputed documentary proof [Please See Exhibit DS#1: Last Page of Vivian's Exhibit #3 (**PE34**)] do exist on the record.

In "good faith", Plaintiff requested the video and supervisory emails that the opposing counsels could **even strengthen Plaintiff's claims further**. A reasonable jury or judge could not interpret it differently – black's law definition and purpose of the "Act" laws. Summary judgment is appropriate only where the court expressly finds that there is no genuine dispute as to any material fact under Rule 56. Please See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Here, it should be granted in favor of Plaintiff.

Plaintiff has already produced documentary evidence supporting employer knowledge, protected activity, and temporal proximity. These documents independently **satisfy Ninth Circuit pleading** and inference standards and further confirm that Defendant's motion attempts to improperly recharacterize true facts that are not disputable as legal deficiencies (i.e. online-print-outs). Whereas Plaintiff's true facts are:

- ties to **comparators (not conclusions),**
- identifies **same team/supervisor structure,**
- preserves **inference (evidence-based reasoning) rather than assertion of intent – a direct observation and knowledge.**

**For purposes of this case, 'mandatory' is understood to mean mandatory under applicable federal law, which supplies the controlling legal standard for the issue presented.** Defendant cannot get summary judgment through a conclusory assertion that **Plaintiff does not have evidence** to support the complaint. Instead, Defendant must show the absence of evidence in the discovery record. In this case, Exhibit DS#1: Last Page of Vivian's Exhibit #3 (**PE34**), <u>among other misleading statements of opposing parties</u> prove otherwise. Also, **supporting affidavits**

**are not required** if the party (Plaintiff in this case) moving for summary judgment does not have the burden of proof at trial.

Pursuant to the **ADA burden-shifting framework**, Plaintiff suffered severe spinal injuries in a motor vehicle accident during a snowstorm, resulting in **long-term mobility limitations** that "substantially" restrict the major life activities [Please See Exhibit CO#2: Medical Note (**PE25**)]. These allegations are further asserted in light of applicable State and Federal non-discrimination and anti-retaliation laws, including Washington State's "Silenced No More" Act, which renders certain confidentiality and non-disparagement restrictions **unenforceable** as a matter of law.

Courts sometimes **reject discovery** when it is:

- overly broad,
- unrelated to comparators or decisionmakers,
- seeking company-wide irrelevant data,
- no connection to comparator theory,
- burden outweighs relevance,
- a delay tactic or abuse of process.

Plaintiff **objects** to Defendant's discovery approach because their request is overly broad and not proportional to the needs of the case under Rule 26(b)(1). The requests appear to seek information beyond similarly situated employees, relevant decisionmakers, and the relevant time period, and therefore risk constituting an impermissible fishing expedition into unrelated employment records.

In contrast to Rule 11, which imposes a 21-day safe harbor period before a sanctions motion may be filed, see Fed. R. Civ. P. 11(c)(2), **Rule 37 contains <u>no such</u> safe harbor** requirement and permits sanctions to be sought for **<u>discovery violations</u>** by motion <u>or</u> court order following noncompliance. Under Rule 37, the Court is **primarily** looking for discovery violations— <u>especially failure to comply with</u> court orders, **unjustified withholding of evidence**, <u>or</u> **spoliation**—and whether the conduct was **willful, in bad faith, <u>or</u> prejudicial**.

In this case, Defendant and the collective opposing counsels have done just that: repeatedly disputed mandatory federal law requirement by means of **willful, in bad faith, <u>or</u> prejudicial unjustified withholding of evidence, <u>or</u> spoliation, among others.**

**Thereby, a comprehensive direct motion to sanction opposing counsels was filed that does not require a 21-day safe-harbor safety as <u>a matter of law</u> – under good cause.**

## IV. CONCLUSION

This case is **<u>distinguishable</u> under "Exceptional / rare circumstances" standards**. Plaintiff's claims **possess <u>"substantial" merit</u> under established legal standards**. Defendant's knowledge of Plaintiff's protected activities, combined with subsequent harassment, hostile work conditions, and termination, establishes actionable retaliation and discrimination. The Claim of Action was **verified**, and the U.S. attorney's office among others were involved <u>again under a life-event not under control of Plaintiff</u>.

At the Rule 12(b)(6) stage, Plaintiff is required **only to plead** facts that state **a plausible claim** for relief, <u>not to prove</u> causation or eliminate every alternative inference. Please See Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) – **but** the Plaintiff subsequent submissions established it **on the record**.

**Under controlling Ninth Circuit law**—where retaliation claims are routinely evaluated through circumstantial evidence including temporal proximity and employer knowledge—Plaintiff's **allegations more than satisfy Rule 8(a)'s plausibility standard**.

**The Ninth Circuit** emphasizes that employment discrimination and retaliation claims are particularly suited for development through discovery, not dismissal. Please See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Sheppard v. David Evans & Assocs., 694 F.3d 1045, 1049 (9th Cir. 2012).

The Court has **never indicated** that the requirements for establishing a prima facie case apply to pleading. Moreover, the McDonnell Douglas framework **does not apply** where, for example, a **plaintiff is able to produce direct evidence** of discrimination.

Defendant has failed to adequately respond to Plaintiff's **additional discovery requests during meet and confer** by providing incomplete and non-responsive answers regarding comparator employees, decisionmaker communications, and assignment practices.

Despite meet-and-confer efforts, Defendant **has not yet** produced documents necessary to dispute claims of disparate treatment and retaliation in this case. Plaintiff therefore seeks relief under Rule 37(a), and to the extent applicable, sanctions under Rule 37(b) for continued noncompliance, among others listed.

Accordingly, Plaintiff respectfully requests that this Court:

- Deny Defendant's dispositive motions;

- Permit Plaintiff's claims to advance; and

- Grant the requested relief as they are overwhelmingly just and proper.

Very Respectfully submitted,

Shannon Farazi, Pro Se (DMD)
MAHSA Act ("Silenced No More" Act)

Thank you again!

Very Respectfully submitted at Seattle, Washington, on April 21th, 2026.

*Shannon Farazi*
Shannon Farazi

<u>CERTIFICATE OF SERVICE</u>
I certify that on the following date: April 21th, 2026, I served a copy of to Court and opposing via regular mail.
By: <u>Shannon Farazi</u>

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at (*City*) Seattle_____ (*State*) WA___ on (*Date*) April 21th, 2026_____

_____
*Signature*

Shannon Farazi_____
*Print or Type Name*