_____FILED  _____ENTERED
_____LODGED  _____RECEIVED

APR 24 2026  LS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **Shannon Farazi**<br>Plaintiff<br><br>v.<br><br>**HOME DEPOT U.S.A., INC.**<br>**("Home Depot")**<br>6200 E Lake Sammamish PKWY SE,<br>Issaquah, WA 98029<br>Defendant, | **Case No.: 2:26-cv-00586-RAJ**<br><br>**Notice of Plaintiff's Supplemental Clarifying Reply in Further Support of Summary Judgement and in Opposition to <u>Defendant's</u> Dispositive Motions and Repeated Irrelevant Response Submissions**<br><br>**Title VII of Civil Rights Act of 1964 and Retaliation** 42 U.S.C. § 2000e-3(a), among others<br><br>• **Supreme Clause** (US Constitution)<br>• **United States v. Zhao**, No. 2:23-cr-00179-**RAJ** (W.D. Wash. **2024**),<br>• **Home Unimprovement** – A blueprint for failure (**PE31**),<br>• **West Virginia State Bd. of Educ. v. Barnette**, 319 U.S. 624, 642 (1943),<br>• **Brown v. Bd. of Educ.**, 347 U.S. 483, 495 (1954),<br>• **Swierkiewicz v. Sorema N.A.**, 534 U.S. 506, 512 (2002),<br>• **Sheppard v. David Evans & Assocs.**, 694 F.3d 1045, 1049 (9th Cir. 2012),<br>• **Harris v. Forklift Systems, Inc.**, 510 U.S. 17 (1993),<br>• **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009),<br>• **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007),<br>• All exhibits submitted and **"related-back"** amends – <u>not new as a matter of law</u>.<br><br>**Standard Schedule** for reply from date of filing<br><br>FILED DATE: 04/24/26 |

<u>**Requesting a hearing due to fraud upon the Court by the opposing parties et. al..**</u>

**PLAINTIFF'S SUPPLEMENTAL CLARIFYING REPLY IN FURTHER SUPPORT OF SUMMARY JUDGEMENT AND IN OPPOSITION TO DEFENDANT'S DISPOSITIVE MOTIONS AND REPEATED IRRELEVANT SUBMISSIONS**

## I. INTRODUCTION

Plaintiff Shannon Farazi, proceeding pro se, respectfully submits this supplemental clarifying reply in further support of summary judgment and in opposition to Defendant's dispositive motions and repeated irrelevant submissions. The evidentiary record—consisting of Plaintiff's verified complaint, sworn declarations, and supporting exhibits—establishes that **there is no genuine dispute of material fact as to Defendant's liability** for retaliation, discrimination, and failure to accommodate.

Even at minimum, Plaintiff's claims exceed the threshold required to proceed beyond dismissal. At maximum, the record supports judgment **as a matter of law in Plaintiff's favor under Rule 56 of the Federal Rules of Civil Procedure.**

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is genuine only if a reasonable trier of fact could return a verdict for the nonmoving party.

The Court must view the evidence in the light most favorable to the nonmoving party; however, conclusory assertions unsupported by evidence are insufficient to create a genuine issue for trial.

**Where, as here, the record contains unrefuted evidence supporting each element of Plaintiff's claims, summary judgment is appropriate only in favor of Plaintiff.**

### III. UNDISPUTED MATERIAL FACTS

The following facts are supported by the record and "not meaningfully" rebutted by Defendant:

1. **Protected Activity**

   Plaintiff engaged in protected activity, including reporting workplace concerns implicating discrimination, safety, and legal compliance.

2. **Employer Knowledge**

   Defendant had actual knowledge of Plaintiff's protected activity through direct communications and documented submissions.

3. **Adverse Employment Actions**

   Plaintiff was subjected to adverse actions, including but not limited to:

   - escalating workplace scrutiny,
   - denial of accommodations,
   - and termination or constructive discharge.

4. **Medical Condition and Accommodation Request**

   Plaintiff provided medical documentation supporting the need for accommodation.

   **Defendant failed** to engage in a good-faith interactive process or provide reasonable accommodations.

5. **Differential Treatment**

   Similarly situated employees outside Plaintiff's protected status were treated more

favorably, including being granted flexibility or modified duties under comparable circumstances.

6. **Temporal Proximity and Causation**

The adverse actions followed closely after Plaintiff's protected activity, supporting a causal inference.

7. **Procedural Compliance**

Plaintiff satisfied procedural requirements, including administrative exhaustion and timely filings. Defendant received notice of all claims and amendments.

**IV. ARGUMENT**

**A. Plaintiff Has Established a Prima Facie Case of Discrimination and Retaliation**

Under the framework set forth in McDonnell Douglas Corp. v. Green, Plaintiff must show:

- engagement in protected activity or protected status,
- qualification for the position or entitlement to protection,
- adverse employment action, and
- a causal connection.

The undisputed facts satisfy each element. Plaintiff's documented complaints, Defendant's knowledge, and the sequence of adverse actions establish a prima facie case.

**B. Defendant Cannot Articulate a Legitimate, Non-Discriminatory Reason Supported by Evidence**

Once a prima facie case is established, **the burden shifts to Defendant to produce a legitimate,** non-discriminatory reason for its actions.

Here, Defendant relies primarily on:

- generalized assertions,
- procedural arguments,
- and challenges to pleading sufficiency.

**These <u>do not</u> constitute admissible evidence sufficient to meet <u>Defendant's burden</u>** at the summary judgment stage.

**C. The Record Demonstrates Pretext**

Even if Defendant articulates a purported justification, Plaintiff has produced evidence showing that such reasons are pretextual, including:

- **inconsistent** explanations for adverse actions,
- **failure** to follow standard procedures,
- **disregard** of medical documentation, and
- **differential treatment of similarly situated** employees.

A reasonable factfinder could only conclude that **Defendant's stated reasons are <u>not credible</u>**.

**D. Failure to Accommodate Violates Federal Law**

Under the ADA, an employer must provide reasonable accommodations and engage in an interactive process once aware of an employee's need.

Plaintiff's evidence **shows**:

- clear notice of a medical condition,
- a request for accommodation, and
- Defendant's failure to respond appropriately.

**This independently establishes liability**.

**E. Plaintiff's Claims Satisfy Both Pleading and Evidentiary Standards**

Even under the pleading standards articulated in Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly, Plaintiff's claims are sufficient.

At the summary judgment stage, Plaintiff has gone further by submitting:

- sworn statements,
- documentary exhibits, and
- corroborating evidence.

Thus, **Defendant's reliance on Rule 12 arguments is misplaced**.

**F. No Genuine Dispute of Material Fact Exists**

**Defendant has not produced evidence** sufficient to create a genuine dispute regarding:

- the occurrence of protected activity,

- Defendant's knowledge,

- the adverse actions taken, or

- the failure to accommodate.

Where the material facts are established and only one reasonable inference may be drawn, summary judgment is appropriate **only in favor of Plaintiff**.

## V. CONCLUSION

The evidentiary record demonstrates that Plaintiff's claims are not only plausible but substantiated. Defendant has failed to raise a genuine dispute of material fact or provide evidence sufficient to defeat summary judgment.

Accordingly, Plaintiff respectfully requests that this Court:

1. **Deny Defendant's dispositive motions;**

2. **Grant summary judgment in favor of Plaintiff on liability; and**

3. **Award Plaintiff's requested prayer for relief as it is just and proper.**

Very Respectfully submitted,

Shannon Farazi, Pro Se (DMD)
MAHSA Act ("Silenced No More" Act)

Thank you again!

Very Respectfully submitted at Seattle, Washington, on April 24th, 2026.

*Shannon Farazi*
Shannon Farazi

CERTIFICATE OF SERVICE
I certify that on the following date: April 24th, 2026, I served a copy of to Court and opposing via regular mail.
By: Shannon Farazi

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at (*City*) Seattle_____ (*State*) WA___ on (*Date*) April 24th, 2026_____

_____          Shannon Farazi_____
*Signature*                              *Print or Type Name*

The oath of office defines the boundary of all legal authority. Rejection of law is, in effect, rejection of that authority. Officers of the Court and government agents are deemed to know the law and have no immunity when violating constitutional rights. *Owen v. Independence*, 445 U.S. 622, 100 S. Ct. 1398 (1980); *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

**Opposing parties' coercion, threats, and misleadings are condemned.**