THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON FARAZI,

                                 Plaintiff,

     v.

HOME DEPOT U.S.A., INC. ("HOME
DEPOT") et al.,

                                 Defendant.

Case No. 2:26-CV-00586-RAJ

**DEFENDANT'S REPLY SUPPORTING
MOTION TO DISMISS**

NOTED ON MOTION CALENDAR:
April 30, 2026

## I. INTRODUCTION

Pro se plaintiff Shannon Farazi opposes defendant Home Depot U.S.A., Inc's motion to dismiss with three filings—a Memorandum of Facts and Law, Dkt. 39, a Notice of Supplemental Authority, Dkt. 43, and Notice of Plaintiff's Supplemental Clarifying Reply in Further Support of Summary Judgement [sic] and in Opposition to Defendant's Dispositive Motions and Repeated Irrelevant Response Submissions, Dkt. 44. None of these filing cite to the complaint. Instead, Dr. Farazi's filings restate some claims' conclusory terms, abandon other claims, and inject new claims absent from the complaint. None of this saves the complaint. Indeed, it confirms that amendment would be futile. The complaint should be dismissed with prejudice.

## II. ARGUMENT

Dr. Farazi attempts to save her complaint by: (A) briefing new facts related to certain claims, (B) abandoning other claims, and (C) briefing new claims never alleged. Each of these strategies fails.

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

**A.    Claims Dr. Farazi Attempts to Backfill with Allegations in her Brief**

A plaintiff cannot save a deficient complaint with additional factual allegations in a brief. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Penwell v. Providence Health & Servs.*, No. 2:19-CV-01786-RAJ, 2020 WL 3035566, at *3 (W.D. Wash. June 5, 2020) ("The Court will not consider any new facts included in Plaintiffs' opposition briefing."). Yet this is what Dr. Farazi attempts to do in defending her claims of (1) discrimination under Title VII, (2) unlawful retaliation, (3) failure to accommodate under the Americans with Disability Act, and (4) violation of Washington's Silenced No More Act. The court should reject this move. And because Dr. Farazi's new allegations-by-brief are themselves deficient, the Court should dismiss the complaint with prejudice.

**1.    Title VII Discrimination**

Dr. Farazi asserts a claim under Title VII for discrimination on the basis of (a) sex and (b) national origin. Each fails.

**a.    Sex discrimination.**

Home Depot's motion explained that Dr. Farazi failed to exhaust administrative remedies by omitting a sex discrimination claim from her EEOC charge. Dkt. 14 at 13. A plaintiff may only bring Title VII claims that are "like or reasonably related to" the allegations in her EEOC charge. *Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003); *see* also Dkt. 14 at 13–14 (citing cases). Dr. Farazi's Title VII sex discrimination and sex-based hostile work environment claims are procedurally barred and should be dismissed with prejudice.

**b.    National origin discrimination.**

Dr. Farazi's claim of national origin discrimination is deficient because, as Home Depot explained, it lacks any non-conclusory factual foundation. Dkt. 14 at 15–16. Dr. Farazi now alleges—for the first time—that "employees of certain ethnic or national origin backgrounds were treated more favorably in work assignments, including "lighter duty or more favorable conditions" and "being granted flexibility or modified duties," while Plaintiff, an Iranian-American, was

subjected to harsher work assignments and hostile treatment under similar circumstances." Dkt. 43 at 10; Dkt. 44 at 3–4. These allegations-by-brief cannot save the complaint.

Nor do these statements in the brief chart a course to complaint amendment. Dr. Farazi does not state that she was performing satisfactorily at the time of any alleged adverse action. She does not state that she was subjected to any adverse employment action *because* of her Persian/Iranian-American national origin, as opposed to some other reason. And Dr. Farazi's comparator allegations are entirely conclusory—she identifies no comparator by name, role, or time period, fails to state how any purported comparator was similarly situated, and fails to specify which "ethnic or national origin backgrounds" allegedly received preferential treatment. Home Depot pointed out these defects. Dkt. 14 at 16–17. More than a month later, Dr. Farazi still states only bare assertions of differential treatment. Even if these were complaint allegations, they would fail to satisfy *Iqbal*'s plausibility standard.

### 2.    Title VII Retaliation

Home Depot explained that Dr. Farazi's complaint failed to plead facts indicating she engaged in a protected activity before her alleged termination and that her retaliation claim fails for this reason. Dkt. 14 at 16. Dr. Farazi now contends in her opposition filings that she filed a complaint with the Washington Human Rights Commission. *See, e.g.*, Dkt. 39 at 9; Dkt. 43 at 4. These statements-by-brief fail to save the complaint. They also indicate no basis to amend since they leave the Court and Home Depot to guess what Dr. Farazi says her protected activity was, who retaliated against her, and why.

Consider the first question—whether there was protected activity. Even the brief fails to indicate that there was. To constitute protected activity under Title VII, a complaint must oppose discrimination on the basis of race, sex, national origin, color, or religion. *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) ("[T]he opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation."). Complaints about workplace safety, generic "unethical conduct," or "legal compliance" are not predicates to a Title VII retaliation claim. That Dr. Farazi filed something with the state is not enough to state a claim.

DEFENDANT'S REPLY SUPPORTING MOTION TO DISMISS - 3
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Consider also the third question—whether protected action caused retaliation. The causation element is equally undefined. Dr. Farazi's brief does not contend that either of the managers who she says knew of her complaint participated in or influenced her termination. Awareness alone, without involvement in the adverse action, cannot establish the causal link a retaliation claim requires. *See Kama v. Mayorkas*, 107 F.4th 1054, 1062 (9th Cir. 2024) (holding TSA agent's "mere awareness of Plaintiff's EEO complaint and [his] apparent animosity toward Plaintiff is insufficient for a reasonable jury to infer that the decisionmakers at the TSA terminated Plaintiff's employment based on a retaliatory motive" when agent was not a decisionmaker in the termination). Nor does an urged "pattern of antagonism" fill the gap necessary on any amendment. *See* Dkt. 43 at 7. None of Dr. Farazi's statements about provide dates, names, or specifics about events. These bare assertions confirm that Dr. Farazi cannot amend to state a plausible claim.

### 3.      ADA Failure to Accommodate

Plaintiff's ADA claim still suffers from the same fundamental issues as her other claims: the complaint fails to say what Dr. Farazi's claimed disability was, what accommodation she requested, or how Home Depot violated the ADA. Dkt. 14 at 17–19. Again, Dr. Farazi tries to save her complaint with statements found only in her briefs and not in the complaint. And again, this effort fails both because the complaint cannot be amended by brief and because amendment would be futile.

Dr. Farazi now contends by brief she suffered "severe spinal injuries." Dkt. 43 at 15. This allegation-by-brief cannot save the complaint. Nor does it indicate a basis to amend, since the other elements of the ADA claim remain absent, across all three of Dr. Farazi's opposition filings. First, Dr. Farazi still fails to contend she was a "qualified individual." She does not identify her job duties, what functions were essential, and what limitations she had in performing those duties, or how she remained able to perform the job if provided with reasonable accommodations. *See* Dkt. 14 at 19 (citing cases). Second, Dr. Farazi does not and cannot offer facts connecting her alleged disability to any adverse action. *See id.* The allegation that her injuries were "overlooked purposefully" is a legal conclusion dressed as a fact, precisely what *Iqbal* prohibits. *See id.* Third,

DEFENDANT'S REPLY SUPPORTING MOTION TO
DISMISS - 4
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Dr. Farazi's belated invocation of the "interactive process" does not help. Dkt. 43 at 4. Even if the Court could consider this new allegation, Dr. Farazi does not identify what accommodation she requested, when she requested it, to whom, or how Defendant allegedly failed to engage. Vague references to "delay and denial" are not factual allegations that can survive dismissal.[1]

        **4.       Washington's Silenced No More Act**

Dr. Farazi's briefs introduce new factual allusions about her Silenced No More Act claim. She refers to "forced silencing agreements by the employers." Dkt. 39 at 7. Even if this were in the complaint, it would fail to support a plausible claim. This allusive reference fails to specify any specific nondisclosure or non-disparagement agreement, or who presented any such agreement, when it was presented, whether Dr. Farazi signed it, or how it was enforced against her. Dkt. 39 at 7; Dkt. 43 at 10–11. Dr. Farazi also does not identify any protected disclosure preceding her termination and does not allege that Defendant knew of any such disclosure before the termination. Without these foundational factual allegations, the Silenced No More Act claim fails and should be dismissed with prejudice for the reasons Home Depot's motion explains. Dkt. 14 at 9–10 (citing RCW 49.44.210).

**B.     Claims Plaintiff Failed to Address in Her Opposition**

Dr. Farazi's complaint contained hints of claims she might be making—including a reference in the caption to the Lanham Act. Her opposition filings fail to defend these claims or even confirm that she, in fact, intended to allege them. These claims should be dismissed with prejudice. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim, and cannot raise it on appeal.").

Begin with the criminal statutes and international human rights doctrines. Home Depot

---

[1] Dr. Frazi now introduces ADA retaliation as a separate theory, asserting that the ADA "prohibits retaliation for asserting ADA rights." Dkt. 43 at 4. This claim appears nowhere in the complaint and, therefore, is not properly before the Court. Even if it were, it would lack sufficient detail to survive.

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

explained these provide no private right of action. Dkt. 14 at 6–7. Dr. Farazi does not address this argument—or the claims.

Next consider the Lanham Act. This was referenced in the complaint caption. Dkt. 1 at 1. But as Home Depot explained, nothing about the complaint referenced trademark infringement, false advertising, or false designation of origin claim. Dkt. 14 at 8–9. Dr. Farazi does not address this or her caption reference to the Lanham Act in any of her opposition filings.

Last is Dr. Farazi's reference, again in the complaint caption to "anti-SLAPP law 1999." Home Depot explained there was no basis for this claim, including because Home Depot has not sued Dr. Farazi. Dkt. 14 at 11–12. Dr. Farazi's opposition filings do not address this or confirm that she even intended to state an anti-SLAPP claim.

## C.    Newly Asserted Claims

Dr. Farazi's opposition filings also reference four causes of action as if they had always been part of the case. But no claims about OSHA/WISHA retaliation, the FLSA, the ADEA, WLAD, or intentional infliction of emotional distress are found in the complaint. To the extent that Dr. Farazi wished to amend her complaint, her opportunity to do so as a matter of right expired on April 27, 2026. *Compare* Dkt. 26, *and* Fed. R. Civ. P. 6(d), *with* Fed. R. Civ. P. 15(a)(1). She has neither sought nor received Home Depot's consent to amend. *See* Fed. R. Civ. P. 15(a)(2). And she has not moved to amend. *See id.*; *see also* LCR 15(a) (requiring that a motion to amend be accompanied by a proposed pleading and a redline-style document). The Court should not consider any of Dr. Farazi's filings a motion to amend and should not invite one.

"OSHA violations do not themselves constitute a private cause of action for breach." *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994); *see also Biddle v. Fred Meyer Stores*, F. App'x 257, 257 (9th Cir. 2002) ("There is no private right of action to enforce the provisions of OSHA."). To the extent Dr. Farazi is asserting a claim under WISHA, it would also be deficient because she does not allege that she filed a WISHA complaint with the Washington State Department of Labor & Industries, nor does she identify what safety concern she raised, when, to whom, or how it was connected to her termination. *See* RCW 49.17.160(1)–(2); *Biruk v. Boeing Co.*, No. C25-0779JLR,

DEFENDANT'S REPLY SUPPORTING MOTION TO
DISMISS - 6
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

2025 WL 1866182, at *6 (W.D. Wash. July 7, 2025) (dismissing pro se plaintiff's WISHA claim for failing to "plead any facts explaining the basis for his WISHA claim—let alone any facts plausibly demonstrating that Boeing retaliated against him for making a complaint under WISHA").

Dr. Farazi lists both the FLSA and the ADEA in the caption of one opposition filing, Dkt. 39 at 1, and references the ADEA in the body of another opposition filing, Dkt. 43 at 2. But she makes no statements about allegations of unpaid wages, overtime violations, or any other FLSA theory. Nor does Plaintiff allege her age, that she was replaced by a younger employee, any age-related remarks, or any connection between an adverse action and her age.

Dr. Farazi also makes a conclusory assertion that "Washington discrimination/retaliation claims are applicable as they are long-standing laws." Dkt. 39 at 7. But she did not assert discrimination or retaliation claims under RCW 49.60 in her complaint. To the extent Dr. Farazi now seeks to assert such claims, and assuming her allegations would mirror her Title VII allegations, the claims would fail for the reasons discussed above.

To assert a claim for intentional infliction of emotional distress Dr. Farazi must allege, among other things, conduct so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Grimsby v.* Samson, 85 Wn.2d 291, 295, 530 P.2d 291 (1975); *Christian v. Tohmeh*, 191 Wn. App. 709, 735–38, 366 P.3d 16 (2015). The workplace conduct Dr. Farazi describes in her brief—delayed accommodation, assignment to physical tasks, and termination—does not rise to the level of outrageous conduct. *Dicomes v. State*, 113 Wn.2d 612, 630, 782 P.2d 1002 (1989) (holding "even if the purpose of the study was to fire plaintiff, the fact of the discharge itself is not sufficient to support a claim of outrage").

Each of these claims is procedurally improper and substantively deficient. The court's discretion to dismiss with prejudice "is particularly broad where the plaintiff has bypassed other opportunities to amend." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993); *see also Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1068 (9th Cir. 2000). As stated above,

DEFENDANT'S REPLY SUPPORTING MOTION TO
DISMISS - 7
CASE NO. 2:26-CV-00586-RAJ

Dr. Farazi ignored the available paths to seeking amendment. The court should decline to consider these unasserted claims and should dismiss the case with prejudice.

### III.  CONCLUSION

Home Depot respectfully requests that the Court dismiss the complaint with prejudice.

DATED:  April 30, 2026

BALLARD SPAHR LLP


By: _s/ Devon McCurdy_
    Priya B. Vivian, WSBA No. 51802
    Devon J. McCurdy, WSBA No. 52663
    1301 Second Avenue, Suite 2800
    Seattle, Washington 98101
    Telephone: 206.223.7000
    E-Mail: vivianp@ballardspahr.com
        mccurdyd@ballardspahr.com

    A.C. Estacio-Heilich, _admitted pro hac vice_
    601 S.W. Second Avenue, Suite 2100
    Portland, Oregon 97204
    Telephone: 503.778.2100
    E-Mail:  estacioheilicha@ballardspahr.com

Attorneys for Defendant


I certify that this memorandum contains 2,452 words, in compliance with the local Civil Rules.

DEFENDANT'S REPLY SUPPORTING MOTION TO
DISMISS - 8
CASE NO. 2:26-CV-00586-RAJ

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107