HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON FARAZI,

                Plaintiff,

    v.

HOME DEPOT U.S.A., INC,

                Defendants.

Case No.  2:26-cv-00586-RAJ

ORDER ON DEFENDANT'S MOTION TO DISMISS

ORDER – 1

## I.    INTRODUCTION

THIS MATTER comes before the Court on the Motion to Dismiss (the "Motion," Dkt. # 14) filed by Home Depot U.S.A., Inc. ("Home Depot" or the "Defendant"). Plaintiff Shannon Farazi did not file a formal response to the Motion, but filed several submissions substantively opposing to the Motion. *See, e.g.*, Dkt. ## 39, 43–44. Plaintiff has also filed a number of separate non-meritorious motions and pleadings seeking various forms of relief from the Court, including but not limited to a pre-answer motion for summary judgment, a motion for sanctions, and a motion for an order to show cause. *See* Dkt. ## 4–5, 17, 19, 40, 52, 55–56. Defendant Home Depot filed a reply in support of the Motion (the "Reply," Dkt. # 47). The Court has reviewed the Motion, the foregoing submissions in support of and opposition to the Motion, and the balance of the record.

For the reasons set forth below,[1] the Court **GRANTS** the Motion. Plaintiff's claims arising under the MAHSA Act, UNCAT, R2P, and 18 U.S.C. §§ 241, 1512, & 1513 are dismissed **WITH PREJUDICE**. The remaining claims in the Complaint are dismissed **WITHOUT PREJUDICE**.

## II.    BACKGROUND

Plaintiff alleges that, between April 10, 2024 and to May 27, 2025, she was employed by Defendant Home Depot as a Merchandising Execution Team corporate associate. Dkt. # 1 ¶¶ 9, 13. Plaintiff identifies herself as "female" and "Persian/Iranian American." *Id.* ¶¶ 13, 25(b). Plaintiff alleges that, while employed by the Defendant, she was "subjected to repeated unwelcome and unwanted impeding comments, propositions, and unwelcome restrictions." *Id.* ¶ 16. She further alleges that female employees at Home Depot were "subjected . . . to discrimination on the basis of

---

[1]    While Plaintiff requests oral argument, the court concludes that oral argument is not necessary to decide the Motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER – 2

discriminatory attributes, including unwelcome and severe or pervasive discriminatory harassment or 'gate-keeping' misconducts," including the following: (a) making "unwelcome discriminatory comments and discriminatory advances"; (b) falsely writing up certain employees in a "targeted retaliatory" manner; (c) subjecting "female workers" to sudden "signage of silencing agreements" and offering "tangible benefits . . . in exchange for their silence acts"; (d) taking "adverse work safety actions" and forcing female workers "to do heavy physical work while injured"; and (e) failing to offer "proper training," hiding important "work information crucial for 'all' employees," and fostering a culture of "escalating fear and favor." *Id.* ¶ 15. Plaintiff also alleges that, after experiencing a "life-threatening car accident" on or around February 5, 2025, her medical situation was "purposefully" overlooked by her manager and her accommodation was untimely and inadequately implemented. *Id.* ¶ 17. Plaintiff claims that two Home Depot managers whom she had "reported" retaliated against Plaintiff "knowingly, voluntarily, maliciously with intent" after finding her working alone on May 27, 2025. *Id.* ¶ 18. Plaintiff claims that she was "followed . . . around the store," escalating the incident into a "criminal act." *Id.* ¶ 19. Plaintiff alleges that she was ultimately "violently wrongfully terminated" on the same day of this incident, "while the U.S. government's appropriate agencies were investigating." *Id.* ¶ 13.

On the basis of the foregoing, Plaintiff asserts the following causes of action against Home Depot: (1) unlawful discrimination under Title VII, Dkt. # 1 ¶ 25(a), (c)–(d); (2) unlawful retaliation under Title VII, *id.* ¶ 25(b); (3) a "pattern or practice of resistance to the full enjoyment of the rights granted by Title VII", *id.* ¶ 26; (4) unlawful conduct under the Mahsa Amini Human Rights and Security Accountability Act of 2022 (the "MAHSA Act"), the United Nations Convention Against Torture ("UNCAT"), and Responsibility to Protect ("R2P"), *id.* ¶ 27; (5) criminal violations under 18 U.S.C. §§

ORDER – 3

241, 1512, & 1513, *id.* ¶ 28; and (6) violations of Washington's Silenced No More Act, *id.* ¶ 29. While not articulated as separate causes of action, the Complaint also references in its caption the Lanham Act and Washington's anti-SLAPP statute, and the latter statute is discussed in the Complaint. Dkt. # 1 at 1; *id.* ¶ 18.

### III.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In analyzing a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

### IV.    DISCUSSION

**A.    Title VII Discrimination Claims**

Plaintiff asserts that Home Depot discriminated against her in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1)-(2). To assert a *prima facie* case of discrimination under Title VII, a plaintiff must allege that: (1) she belongs to a protected class; (2) she was qualified for her position or performing satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017). Although the Complaint does not concisely identify whether Plaintiff's Title VII discrimination claim is brought on the basis of her sex, national origin, or both, reading

ORDER – 4

the Complaint in the light most favorable to Plaintiff, the Court considers both grounds in turn.

i. Sex-based Discrimination Claim

Before bringing claims under Title VII, plaintiffs must first exhaust their administrative remedies by filing a timely charge with the EEOC. *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 541 (2019). Allegations of discrimination not included in an EEOC charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Mui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *abrogated on other grounds by Fort Bend*, 587 U.S. at 550–51. Plaintiffs may also allege discrimination claims that either "fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (emphasis in original) (citations omitted). A plaintiff's failure to allege facts sufficient to show that the plaintiff exhausted administrative remedies is grounds for dismissal of the newly-raised discrimination claims. *Shoaga v. Nelson*, 2024 WL 5205748, at *1 (9th Cir. 2024) (citing *B.K.B.*, 276 F.3d at 1099–1100).

Defendant's submissions in support of the Motion make clear that Plaintiff did not present a claim of sex discrimination to the EEOC.[2] Instead, her EEOC complaint, in

---

[2]    While Plaintiff generally argues that Defendant's submission "selectively included certain communications while omitting relevant attachments and documents," Dkt. # 39 at 12, she does not appear to contest the authenticity of the EEOC charge submitted by Home Depot, nor are its contents "ambiguous or subject to reasonable dispute." *See Vasquez v. Washington Dep't of Veterans Affs.*, 746 F. Supp. 3d 1011, 1022 (W.D. Wash. 2024). Accordingly, the Court takes judicial notice of the EEOC complaint filed by Home Depot as an administrative record. *Id.*; *see also Arnold v. NASA*, 2021 WL 5921618, at *2 (E.D. Cal. Dec. 15, 2021) (collecting cases involving judicial notice of records of EEOC proceedings).

ORDER – 5

Plaintiff's terms, arises specifically from "discrimination in employment on the basis of age, national origin, disability, and retaliation."  Dkt. # 16-1 at 31 (Complaint, EEOC Case # 38G-2025-00204).  The EEOC complaint also provides:

> I am a [*sic*] Iranian American, a person with a disability, and I was 40 at the time of this complaint.
>
> . . .
>
> In early April 2025, I submitted an internal complaint reporting discrimination, retaliation, and disparate treatment based on my disability, race, marital status, and age.
>
> . . .
>
> I believe the Respondent discriminated against me on the basis of my disability by denying a reasonable accommodation, discriminated against me based on my age and national origin by subjecting me to different treatment . . .

*Id.*  The EEOC letter appended to Plaintiff's Complaint, which afforded "substantial weight to the findings of the state or local fair employment practices agency" that investigated Plaintiff's charge, has the same EEOC case number as the complaint submitted by Home Depot.  *See* Dkt. # 1 at 17 (EEOC Charge Letter reflecting association with Case # 38G-2025-00204).  Plaintiff has provided no evidence that the investigation of her charge encompassed sex-based discrimination claims.[3]  *See Vasquez v. Washington Dep't of Veterans Affs.*, 746 F. Supp. 3d 1011, 1023 (W.D. Wash. 2024) (Title VII national origin discrimination claim not properly exhausted where EEOC charge had focused solely on issues of disability discrimination).  Nor would the contents

---

[3]    Plaintiff implies in response to the Motion that she filed a complaint with the Washington Human Rights Commission (WHRC) in late April 2025.  *See* Dkt. # 39 at 9, Dkt. # 43 at 4.  However, the Court "will not consider any new facts included in [Plaintiff's] opposition briefing," because these facts cannot serve to "rescue a complaint from dismissal."  *Penwell v. Providence Health & Servs.*, 2020 WL 3035566, at *3 (W.D. Wash. June 5, 2020) (citing *Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)).

ORDER – 6

of Plaintiff's charge have reasonably prompted an investigation into potential sex-based discrimination. *See Waesche v. Embry-Riddle Aeronautical Univ. Inc.*, 2023 WL 6377275, at *6 (D. Ariz. 2023) (EEOC charge alleging primarily national origin discrimination "contained no claims or factual allegations that could reasonably be expected upon investigation to lead to a sex discrimination claim").

Plaintiff's sex-based Title VII discrimination claims are therefore barred. The Court dismisses these claims without prejudice, as Title VII's charge-filing requirement is not jurisdictional. *See Fort Bend*, 587 U.S. at 550; *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) (explaining that, because failure to exhaust administrative remedies is not jurisdictional, "[t]he proper remedy is dismissal without prejudice"). To the extent that Plaintiff wishes to seek equitable tolling of time to amend her administrative complaint, however, she must first present those arguments to the administrative agency. *Vasquez*, 746 F. Supp. 3d at 1022 (citations omitted).

ii. National Origin Discrimination Claim

To the extent that Plaintiff's discrimination claim is rooted in her self-identification as "Persian/Iranian American," Dkt. # 1 ¶ 13, the Complaint fails to state a claim for Title VII national origin discrimination. The Complaint satisfies the first element necessary to state a Title VII discrimination claim, membership in a protected class. Additionally, the Complaint satisfies the third element, as it asserts that Plaintiff was "wrongfully terminated," Dkt. # 1 ¶ 13(c), which is the quintessential adverse employment action. *See Little v. Windermere Relocation, Inc.*, 2002 WL 84237, at *7, 301 F.3d 958, 970 (9th Cir. 2002) (as amended) ("[O]f course, termination of employment is an adverse employment action. . . .").

However, the Complaint is devoid of allegations substantiating the other required elements necessary to allege a Title VII discrimination claim. Specifically, Plaintiff does

ORDER – 7

not allege that she was qualified for her position at Home Depot or that she was performing satisfactorily. *See Reynaga*, 847 F.3d at 691. Nor does she allege that similarly-situated employees who were not Persian-American or Iranian-American were treated more favorably. *Id.* Accordingly, Plaintiff's Title VII national origin discrimination claims are dismissed without prejudice.

## B. Title VII Retaliation Claim

Plaintiff also alleges that Home Depot retaliated against her in violation of Title VII, 42 U.S.C. § 2000e-3(a). Dkt. # 1 ¶ 25(b). To establish a *prima facie* claim for retaliation under Title VII, a plaintiff must plausibly allege: (1) that she engaged in a protected activity; (2) that the defendant subjected her to an adverse employment action; (3) the existence of a causal connection between the protected activity and the adverse employment action. *Cheatham v. City of Phoenix*, 699 F. App'x 647, 648 (2017).

Home Depot seeks dismissal of Plaintiff's retaliation claim on the basis that Plaintiff failed to identify any protected activity she engaged in prior to her termination. Dkt. # 14 at 16. The Court agrees with Home Depot that neither Plaintiff's post-termination EEOC complaint, nor her pre-employment communications with Washington officials, nor the vague references to other unspecified reports in the Complaint, are sufficient to allege that Plaintiff engaged in protected activity. Dkt. # 14 at 16–17. However, the Court observes that Plaintiff's EEOC complaint—which Defendant filed for the purposes of resisting Plaintiff's Title VII sex-based discrimination claim—indicates that, prior to her termination, Plaintiff submitted an "internal complaint reporting discrimination, retaliation, and disparate treatment based on [her] disability, race, marital status, and age." Dkt. # 16-1 at 31. As previously discussed, this document is properly subject to judicial notice, and the Court will therefore consider it in ruling on Home Depot's Motion. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322,

(2007).  Reading the EEOC complaint together with Plaintiff's allegations that her managers had been "reported" prior to her termination, *see* Dkt. # 1 ¶ 18, the Court narrowly concludes that Plaintiff has adequately pled that she engaged in protected activity.  And, as previously discussed, Plaintiff was subjected to at least one adverse employment action when she was terminated by Defendant, satisfying the second element of a Title VII retaliation claim.

Even when read liberally, however, the Complaint fails to allege any causal link between the protected activity and the adverse employment action.  While "[t]emporal proximity between the protected activity and the adverse employment action can in some cases, by itself, constitute sufficient circumstantial evidence of retaliation," plaintiffs relying on this theory of causation must demonstrate that the "alleged protected activities and the alleged adverse actions are very close in time." *Garcia v. City of Everett*, 728 F. App'x 624, 628 (9th Cir. 2018) (citations omitted).  The record before the Court is unclear and at times contradictory with respect to the timing and subject matter of Plaintiff's internal and other complaints.[4]  Plaintiff appears to "rely on the court to sort through her complaint and partial documents to try to identify the relevant facts." *Slaughter v. Valley View I LLP*, 2023 WL 6461058, at *2 (W.D. Wash. Oct. 4, 2023).  While Plaintiff, a *pro se* litigant, is "entitled to leeway when the court construes her pleadings . . . it is not the court's duty to sort through [her] complaint and documents in order to piece together the basis of her claim." *Id.*  (citations omitted).  Ultimately, Plaintiff fails to identify with specificity "which alleged protected activities and which alleged adverse actions were

---

[4]    Plaintiff's EEOC complaint indicates that her internal report was made in "early April."  Dkt. # 16-1 at 31.  However, Plaintiff's response to the Motion signals that her internal report was made in March of 2025, not April.  Dkt. # 43 at 4.  Additionally, as previously discussed, the Court declines to consider Plaintiff's alleged April 22, 2025 WHRC report, which was also raised for the first time in Plaintiff's opposition filings.

ORDER – 9

sufficiently 'very close' in time." *Garcia*, 728 F. App'x at 628. This failure prevents the Court from being able to assess whether there is a sufficient causal link between any protected activity and adverse employment action. Accordingly, Plaintiff's Title VII retaliation claims are dismissed without prejudice.

**C.    MAHSA Act, UNCAT and R2P Claims**

Plaintiff asserts claims arising out of the MAHSA Act, UNCAT and R2P. However, none of these authorities provide individual plaintiffs with a private right of action. The MAHSA Act authorizes the President of the United States to sanction Iranian officials responsible for human rights abuses in Iran. *See* 22 U.S.C. § 8501 note; Pub. L. 118–50, Div. L, Apr. 24, 2024, 138 Stat. 976. As Defendant correctly notes, the statute does *not* authorize individuals to bring employment suits seeking damages or injunctive relief. Dkt. # 14 at 7. Similarly, "[t]here is no private cause of action under UNCAT." *Boiko v. Santa Cruz Cnty.*, 2018 WL 9563235, at *2 (N.D. Cal. June 21, 2018) (citing *Renkel v. United States*, 456 F.3d 640, 644 (6th Cir. 2006); *Knapp v. Cate*, 2011 WL 5416342, at *7 (E.D. Cal. Nov. 8, 2011)). Lastly, R2P is a diplomatic framework designed to further United Nations member states' collective political commitment to prevent "genocide, war crimes, ethnic cleansing and crimes against humanity." *About the Responsibility to Protect*, United Nations, https://www.un.org/en/genocide-prevention/responsibility-protect/about (https://perma.cc/84UP-7P4J). It is not a vehicle for private individuals to assert civil claims sounding in employment discrimination.

Because none of the foregoing authorities can supply any cognizable basis for Plaintiff's claims against Home Depot, granting leave to amend would be futile. Plaintiff's causes of action arising out of the MAHSA Act, UNCAT and R2P are therefore dismissed with prejudice. Dkt. # 1 ¶ 27.

ORDER – 10

## D.    Claims Under Federal Criminal Statutes

Plaintiff's Complaint includes several claims sounding in federal criminal law. Specifically, Plaintiff asserts that Home Depot violated 18 U.S.C. §§ 241 (criminalizing conspiracies to violate citizens' civil rights), 1512 (prohibiting witness tampering), and 1513 (prohibiting retaliation against witnesses). Dkt. # 1 ¶ 28. These criminal statutes, however, do not provide individual plaintiffs a private right to bring civil claims in federal court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability"). Indeed, courts in this District and Circuit have rejected claims brought by civil plaintiffs arising under all three of the criminal statutes cited in the Complaint. *See Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596 (9th Cir. 2010) (affirming dismissal of claims brought under 18 U.S.C. §§ 1512 & 1513); *Thomas v. Bryant*, 2009 WL 2473662, at *2 (W.D. Wash. Aug. 7, 2009) (dismissing claims under 18 U.S.C. §§ 1512 & 1513 because "private rights of action brought under th[ese] statute[s] are not recognized"); *McKoby v. Elite Publisher*, 2025 WL 3013752 (W.D. Wash. Oct. 28, 2025) (holding that 18 U.S.C. § 241 is "a federal criminal statute that creates no private right of action. . . In other words, only government prosecutors—not private individuals, like Plaintiff—may bring actions under the statute.") (citations omitted). Because no amendment of the Complaint could supply Plaintiff with the ability to bring suit against Home Depot pursuant to 18 U.S.C. §§ 241, 1512, & 1513, Plaintiff's claims arising under these provisions are dismissed with prejudice.

## E.    "Silenced No More Act" Claim

Plaintiff also asserts that Home Depot violated Washington's Silenced No More Act ("SNMA").[5] The SNMA prohibits nondisclosure and nondisparagement provisions

---

[5]    Plaintiff also claims that Home Depot is in "direct clear violation[]" of "many other" state laws. *See* Dkt. # 1 ¶¶ 12, 29. The Court dismisses these claims as insufficiently pled.

ORDER – 11

preventing an employee from discussing conduct the employee reasonably believes to constitute "illegal discrimination, illegal harassment, illegal retaliation, a wage and hour violation, or sexual assault, or [conduct] that is recognized as against a clear mandate of public policy." Wash. Rev. Code § 49.44.211(1). Employers may not "request or require that an employee enter into such an agreement. Wash. Rev. Code § 49.44.211(4). The SNMA separately prohibits employers from discharging or otherwise retaliating against an employee for "disclosing or discussing conduct that the employee reasonably believed to be illegal harassment, illegal discrimination, illegal retaliation, wage and hour violations, or sexual assault." Wash. Rev. Code § 49.44.211(3). It is unclear which provision of the SNMA Plaintiff relies upon, so the Court will consider both the agreement and retaliation provisions in turn.

With respect to the SNMA's prohibition on nondisclosure or nondisparagement agreements concerning certain conduct, Plaintiff fails to state a cognizable claim upon which relief can be granted. While Plaintiff vaguely accuses Home Depot of "[s]ubjecting female workers to unwelcome all-of-a-sudden signage of silencing agreements without any good-faith reason," Dkt. # 1 ¶ 15(c), Plaintiff does not identify any specific nondisclosure or nondisparagement agreement presented to her. Nor does Plaintiff make specific allegations regarding the contents of any such agreement, let alone explain why the "silencing agreements" she references in the Complaint concern the conduct identified in the SNMA or are otherwise violative of the statute. Such threadbare allegations are insufficient to state a claim for violation of the SNMA.

As to the SNMA's wrongful discharge and retaliation provision, as with Plaintiff's Title VII retaliation claim, Plaintiff does not identify facts supporting a causal link between any qualifying disclosure and her termination (or any other potentially

ORDER – 12

retaliatory adverse employment action).  The Court therefore dismisses Plaintiff's SNMA claim without prejudice.

**F.      Lanham Act Claim**

While not substantively discussed in the Complaint, Plaintiff lists the Lanham Act of 1946 as a cause of action in the caption, with the annotation "[s]ubstance over form." Dkt. # 1 at 1.  The Lanham Act encompasses several potential claims, each of which has their own required elements.  These claims include false association, false designation, or endorsement; false advertising; trademark infringement; or dilution.  *See* 15 U.S.C. §§ 1114, 1125 (a)–(c).  The Complaint offers no factual allegations whatsoever to support an element of any Lanham Act claim (nor does it specify the theory of relief pursuant to which Plaintiff brings suit under this statute).  Accordingly, Plaintiff's Lanham Act claim is dismissed.

**G.      Washington Anti-SLAPP Act Claim**

Plaintiff also cites Washington's anti-SLAPP laws in the Complaint.  *See* Dkt. # 1 at 1, 11.  However, this statute does not create an independent vehicle for plaintiffs to seek relief; it instead operates as an affirmative defense against lawsuits premised on protected petitioning activity.  Wash. Rev. Code Ann. § 4.24.510; *Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 942 (9th Cir. 2013) (noting that Washington courts describe anti-SLAPP as an affirmative defense).  Additionally, Plaintiff does not plead any factual allegations constituting protected petitioning activity or other conduct governed by Washington's anti-SLAPP law, nor conduct by Home Depot intended to limit such protected activity as contemplated by the anti-SLAPP framework.  Accordingly, Plaintiff's anti-SLAPP claim is dismissed.

ORDER – 13

## H.    ADA Claim

Finally, Home Depot seeks dismissal of any potential cause of action arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, a statute addressed in passing in the Complaint.  Dkt. # 1 ¶ 7.  To state a *prima facie* claim for disability discrimination under the ADA, Plaintiff must plead that she is: (1) a disabled person within the meaning of the statute; (2) a qualified individual with a disability; and (3) suffered an adverse employment action because of her disability.  *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015).  Defendant contends that Plaintiff does not adequately plead that she had a disability within the meaning of the statute.  The Court agrees.  While Plaintiff asserts that she experienced injuries arising out of a "life threatening car accident," Dkt. # 1 at 7, she does not allege whether and how her condition "substantially limits one or more major life activities," as required by the statute.  42 U.S.C. § 12102(1).  Additionally, the Complaint is devoid of factual allegations necessary to support a showing that Plaintiff was "qualified to perform the essential functions of her job with reasonable accommodation."  *Bedeski v. Boeing Co.*, No. C14-1157RSL, 2014 WL 6452420, at *3 (W.D. Wash. Nov. 14, 2014).  Finally, the Complaint does not plead that Plaintiff's termination, or any other adverse employment actions she was subjected to, was on account of her disability.  *See Ting v. Adams & Assocs., Inc.*, 823 F. App'x 519, 522 (9th Cir. 2020) (affirming dismissal of ADA disability claim where plaintiff failed to plausibly allege that the adverse employment action was undertaken "on account of her disability").  Accordingly, Plaintiff's claims of disability discrimination are dismissed.

ORDER – 14

## V.    CONCLUSION

For all the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** this case.  Dkt. # 14.  Plaintiff's claims arising under the MAHSA Act, UNCAT, R2P, and 18 U.S.C. §§ 241, 1512, & 1513 are dismissed **WITH PREJUDICE**.  The remaining claims in the Complaint are dismissed **WITHOUT PREJUDICE**.

If Plaintiff wishes to file an amended complaint addressing the claims dismissed without prejudice, she is directed to do so within **twenty-one (21)** days of this Order.

The Clerk of Court is directed to terminate all pending motions in this action.

Dated this 10th day of July, 2026.

*Richard A Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 15