Office of the Clerk
**United States Court of Appeals for the Ninth Circui**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

FILED

SEP 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## DOCKETING NOTICE

---

| | |
|---|---|
| Docket Number: | 26-6214 |
| Originating Case Number: | 2:26-cv-00586-RAJ |
| Short Title: | Farazi v. United States District Court for the Western District of Washington, Seattle |

---

Dear Petitioner/Counsel

The United States Court of Appeals for the Ninth Circuit has received your petition for a writ of mandamus assigned the docket number above to your case. Please include this docket number on every filing you submit and in any communication you have with the court about this case.

Motions filed with the notice of appeal are not transferred to this court.. You need to separately file on this court's docket any motion that seeks relief from this court.

**The $600 docketing fee is due now.** You have **21 days** to either pay the fee or request a waiver if you cannot afford to pay. The fee is payable to this court. To ask this court to waive your filing fee, you need to complete a form called "Motion and Affidavit to Proceed in Forma Pauperis," which is available on the court's website. If you do not pay the fee or request a waiver within 21 days, your case may be dismissed. *See* 9th Cir. R. 42-1.

Pursuant to FRAP Rule 21(b), no answer to a petition for writ of mandamus and/or prohibition may be filed unless ordered by the Court. If such an order is issued, the answer shall be filed by the respondents within the time fixed by the Court.

Pursuant to Circuit Rule 21-2, an application for writ of mandamus and/or prohibition shall not bear the name of the district court judge concerned. Rather, the appropriate district court shall be named as respondent.

You must file a Disclosure Statement (Form 34) within 14 days of this notice if your case: (1) involves a non-governmental corporation, association, joint venture, partnership, limited liability company, or similar entity; (2) is a bankruptcy case; (3) is a criminal case involving an organizational victim; or (4) involves review of state court proceedings. See Ninth Circuit Rule 26-1.1.