HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON FARAZI,

Plaintiff,

v.

HOME DEPOT U.S.A., INC,

Defendants.

Case No. 2:26-cv-00586-RAJ

ORDER ON MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Plaintiff Shannon Farazi's Motion for Reconsideration (the "Motion," Dkt. # 61), which seeks reconsideration of the Court's July 10, 2026 Order dismissing this case (the "Dismissal Order," Dkt. # 60). The Motion cites Rules 59 and 60 of the Federal Rule of Civil Procedure, which respectively govern, as relevant here, amendment of a judgment and relief from a judgment or order. *See* Fed. R. Civ. P. 59(e), 60(b). Local Civil Rule 7(h) of the Western District of Washington governs motions for reconsideration. Motions for reconsideration are disfavored, and the court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. LCR 7(h)(1).[1]

Plaintiff argues that the Court erred in dismissing certain of Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because it "applied an overly restrictive pleading standard and not properly consider the factual allegations" pled by Plaintiff. Dkt. # 61 at 2. However, the Dismissal Order specifically offered Plaintiff an opportunity to amend all deficiently-pled claims dismissed pursuant to Rule 12(b)(6), and only dismissed claims with prejudice where amendment would be futile as a matter of law. Dkt. # 60. Plaintiff asks that the Court liberally construe Plaintiff's filings in light of her status as a *pro se* litigant. Dkt. # 61 at 4. However, as the Court noted in its Dismissal Order, while Plaintiff's *pro se* status entitles her to "leeway when the court construes her pleadings . . . it is not the court's duty to sort through [her] complaint and documents in order to piece together the basis of her claim." Dkt. # 60 at 9 (quoting

[1] A motion for reconsideration must be filed within fourteen days of the order to which it relates. LCR 7(h)(2). While Plaintiff's Motion appears to be untimely under Local Rule 7, the Court considers it out of an abundance of caution, because Rules 59 and 60 of the Federal Rules of Civil Procedure—both of which were cited by Plaintiff in the Motion—afford additional time to file motions for relief.

*Slaughter v. Valley View I LLP*, 2023 WL 6461058, at *2 (W.D. Wash. Oct. 4, 2023)). Indeed, the Court acknowledged and considered Plaintiff's *pro se* status in the Dismissal Order by putting Plaintiff on notice of the specific pleading deficiencies in her previous complaint.

As such, Plaintiff's Motion offers no basis warranting the Court's reconsideration of its Dismissal Order. The Court therefore **DENIES** Plaintiff's Motion for Reconsideration. Dkt. # 61.

Dated this 22nd day of October, 2026.

The Honorable Richard A. Jones
United States District Judge